DONALDSON, Judge.
D.B. (“the mother”) appeals from a default judgment entered by the Morgan Juvenile Court (“the juvenile court”) in favor of D.G. (“the father”), awarding custody of S.G. (“the child”), the parties’ minor child, to the father and ordering the mother to pay child support. We affirm the juvenile court’s determination that it attained jurisdiction over the mother; however, because we find that the mother was entitled to a hearing on her motion to set aside the default judgment, we reverse the denial by operation of law of her motion to set aside the judgment and remand the case.
The child was born on September 26, 2009. The mother and the father were never married, but they lived together in the same residence in Morgan County until April 2012, when the father temporarily moved out of the house. On April 16, 2012, the father filed a complaint to establish paternity in the juvenile court. The father also sought custody of the child, subject to the mother’s right to visitation, as well as child support from the mother. The record reveals that the clerk issued a summons for the mother with the complaint on April 27, 2012. The return of service in the record indicates that the mother was personally served with the complaint by private process server on May 1, 2012, in Morgan County. The street address for the mother, provided to the juvenile court by the father, was the location of the house where the mother and the father had resided together until April 2012. The record reveals that the mother moved out of the house sometime in June or July 2012, but that the juvenile court was never provided a different address for her until after the entry of the default judgment.
*1068 On April 27, 2012, the juvenile court set a trial date for June 6, 2012, to address the issue of paternity. The record does not clearly establish that notice of the hearing was sent out with the summons and complaint. The juvenile court’s order required the parties to submit to genetic testing and directed the mother to appear on June 6 with the child. On June 6, 2012, the father appeared for the paternity trial and submitted to the test. The mother failed to appear. Subsequently, the juvenile court issued an order for the mother to appear before the court for genetic testing on July 10, 2012. The mother appeared with the child on July 10, 2012. She asserts on appeal that she received oral notice of the hearing from the father and did not receive the written order. On the client-authorization form, which she was required to complete before submitting to the genetic test, the mother failed to provide an address. On July 10, 2012, the juvenile court set another hearing for August 27, 2012. Notice of the hearing was presumably sent to the mother at the address initially provided by the father when the complaint was filed. The father appeared with counsel on that date, but the mother did not appear. Following the hearing, the juvenile court entered an order adjudicating D.G. to be the father of the child and awarding him visitation. The juvenile court set the issues of custody, visitation, and child support for trial on November 8, 2012. The record indicates that the juvenile court sent notice of the trial setting to the mother and the father on August 27, 2012.
The juvenile court held trial as scheduled on November 8, 2012. The father appeared, represented by counsel, and the trial court received his testimony. The mother, again, failed to appear. The father testified that the mother had moved out of the residence at some point in June or July 2012 and that at the time of trial she was living in a trailer park. The juvenile court entered a default judgment on November 8, 2012, awarding the father sole physical and legal custody of the child. The mother was awarded unsupervised visitation and was ordered to pay child support. The juvenile court ordered the mother to provide the court and the father with an address where she resided.
On November 14, 2012, the father filed a motion for a “pick up order,” in which he alleged that the mother, with the father’s permission, had picked up the child on November 12, 2012, at the father’s place of business, but that she had failed to return the child to the father pursuant to the custody order. The father’s motion also contained an assertion that the mother was not aware that the November 8, 2012, custody judgment had been entered until the father informed her of the judgment when she picked up the child on November 12.
On November 14, 2012, an attorney entered an appearance in the case on behalf of the mother. On the same date, the mother filed a motion styled “Verified Motion to Alter, Amend, and Vacate 11/8/12 Default Judgment for Custody Due to Improper Service/Lack of Notice and Request for New Trial.” In the body of the motion, the mother averred, under oath, that she had not been served with the summons and complaint and that she had not received notice of the November 8, 2012, trial date. The mother also filed a response in opposition to the father’s motion for a pick up order.
On November 14, 2012, the juvenile court granted the father’s motion for a pick up order, authorizing any law-enforcement officer in the State of Alabama to pick up the child and return the child to the custody of the father. On November 30, 2012,16 days after the mother filed her postjudgment motion and without conduct *1069 ing a hearing on the motion, the juvenile court purported to enter an order denying the mother’s motion to alter, amend, or vacate the judgment.
On November 29, 2012, the father filed a motion requesting that the mother’s visitation to be supervised, which the juvenile court granted on November 30, 2012, without a hearing.
On December 4, 2012, the mother filed a notice of appeal to the Morgan Circuit Court. On December 7, 2012, the juvenile court certified the record as sufficient for a direct appeal to this court. Thereafter, the mother filed a notice of appeal to this court on December 10, 2012.
On appeal, the mother argues that she was not properly served with the complaint. If her assertion is true, the juvenile court would not have attained personal jurisdiction over the mother to enter the default judgment, thus rendering the judgment void. “““ “When the service of process on a defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.” ”” ” LVNV Funding, LLC v. Boyles, 70 So.3d 1221, 1227 (Ala.Civ.App.2009) (quoting Dennis v. Still Waters Residential Ass’n, 18 So.3d 959, 961 (Ala.Civ.App.2009), quoting in turn Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003), quoting in turn Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993), quoting in turn Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983)). However, the completion and filing of a return of service is prima facie evidence that the party to whom the service was sent has been properly served. Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 658 (Ala.2001). See also Hooie v. Barksdale, 93 So.3d 942, 945 (Ala.Civ.App.2012).
“A party’s uncorroborated statement denying service upon him is not adequate proof to authorize the invalidation of a [process server’s] return. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978). Stated differently, the burden of proof to overcome the presumption of the correctness of a [process server’s] return is not met by a bare denial of service by a contesting party, but it is required that additional evidence be presented to strengthen or confirm such a denial before the required burden is met. Such is the definition of ‘corroborating evidence.’ Smith v. Smith, 268 Ala. 348, 106 So.2d 260 (1958).”
Nolan v. Nolan, 429 So.2d 596, 598 (Ala.Civ.App.1982).
In the present case, the service return in the record indicates that the mother was served by private process server on May 1, 2012, thus establishing pri-ma facie evidence that the mother was served. The mother has offered no corroborating evidence to substantiate her denial of service of process. In fact, the father’s testimony indicates that the mother lived at the residence noted on the summons until June or July 2012. Without further proof having been offered to substantiate the mother’s argument, we conclude that the juvenile court was correct in rejecting the mother’s assertion that service was not proper. Further, the mother waived any defect in service of process by submitting herself to the jurisdiction of the juvenile court when she appeared for genetic testing.
“In Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 53 (Ala.2003), the Alabama Supreme Court quoted approvingly from Lonning v. Lonning, 199 N.W.2d 60, 62 (Iowa 1972), for the proposition that:
“ ‘ “The rules which govern our consideration of this case are well estab *1070 lished. The filing of a pleading is a general appearance. Rule 65(c), Rules of Civil Procedure. Jurisdiction of the person in a civil case may be acquired by service of notice in the manner and form prescribed by law, or by defendant’s general appearance. Boyer v. Iowa High School Athletic Association, 258 Iowa 285, 138 N.W.2d 914 (1965); Emery Transportation Company v. Baker, 257 Iowa 1260, 186 N.W.2d 529 (1965); Baker v. Baker, [248 Iowa 361, 81 N.W.2d 1 (1957) ]. A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court. Humboldt Livestock Auction, Inc. v. B & H Cattle Co., 261 Iowa 419, 155 N.W.2d 478 (1967); O’Connor v. Youngblade, 250 Iowa 808, 96 N.W.2d 457 (1959). He may not thereafter avoid that jurisdiction by special appearance. Gardner v. Beck, 195 Iowa 62, 189 N.W. 962 (1922); 5 Am.Jur.2d, Appearance § 16, pp. 491-92; 6 C.J.S., Appearances § 24, p. 67.” ’ ”
Klaeser v. Milton, 47 So.3d 817, 821 (Ala.Civ.App.2010). The record reveals that the mother personally appeared with the child before the juvenile court in July 2012 to submit the child to the paternity test as ordered by the court. Thus, the mother voluntarily appeared in the case when she complied with the court’s order without objection, and the trial court attained personal jurisdiction over her. Any argument concerning alleged defects in service of process have, therefore, been waived.
The mother next contends that the juvenile court erred to reversal by failing to vacate the default judgment. The record shows that the mother failed to answer the complaint and that she failed to appear at the time of trial. We initially note that a default judgment is warranted where a defendant fails to appear at trial. As this court has previously recognized:
“While a failure to answer a complaint is a common basis for the entry of a default, a default may be entered on other grounds, including ... failure to appear at trial. See Rule 55(a)[, Ala. R. Civ. P.] (providing for entry of a default when a party fails to ‘otherwise defend’); Rule 55(b)(1) (referring to the entry of a default for a party’s ‘failure to appear’); Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869 (Ala.2002) (note 2 and accompanying text). Where a default is entered because of the failure of the defendant to answer the complaint, there would naturally be a focus on the defendant’s motion for relief from the default judgment in the effort to find an articulation of a meritorious defense. See, e.g., Rudolph v. Philyaw, 909 So.2d 200 (Ala.Civ.App.2005).”
Sumlin v. Sumlin, 931 So.2d 40, 46 n. 2 (Ala.Civ.App.2005).
Pursuant to Rule 55(c), Ala. R. Civ. P., “[t]he court may ... set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.” Rule 55(dc) shortens the prescriptive period to 14 days in cases before the district court. In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), our supreme court established an analysis for trial judges to follow when exercising the discretionary authority conferred under Rule 55(c). As this court recently summarized in Brantley v. Glover, 84 So.3d 77 (Ala.Civ.App.2011):
“ ‘A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). In reviewing an appeal from a trial court’s order refus *1071 ing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland.
“ ‘We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” 524 So.2d at 605.’
“Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala.2006).
“As we stated in Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App.2004):
“ ‘Because of the importance of the interest of preserving a party’s right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland factors.’
“897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008) (‘Because Carroll has failed to satisfy his initial burden under the Kirt-land analysis [of providing allegations and evidence relating to all three Kirt-land factors], we will not hold the trial court in error for allowing Carroll’s motion to set aside the default judgment to be denied by operation of law without having applied the Kirtland analysis.’). See also Maiden v. Federal Nat’l Mortg. Ass’n, 69 So.3d 860, 867 n. 3 (Ala.Civ.App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the Kirtland factors in his or her motion).”
84 So.3d at 80-81 (footnote omitted). As such, the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors. As our supreme court stated in Carroll v. Williams, 6 So.3d 463 (Ala.2008):
“The law is well settled in Alabama that the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors. Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 899-900 (Ala.2005); Phil *1072 lips v. Randolph, 828 So.2d 269, 278 (Ala.2002); and Kirtland, 524 So.2d at 605-08.... With regard to a meritorious defense in the context of a Kirtland analysis, this Court has stated:
“ ‘[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury....
“ ‘The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a “plausible defense.” ’
“Kirtland, 524 So.2d at 606 (emphasis added).”
6 So.3d at 467-68. See also Baker v. Jones, 614 So.2d 450, 451 (Ala.1993).
In the present case, the mother’s verified motion triggered the court’s obligation to conduct a Kirtland analysis by alleging, under oath and with supporting facts and arguments, (1) that she has a meritorious defense; (2) that the father will not be unfairly prejudiced if the default judgment is set aside; and (3) that she was not culpable in failing to appear, because she did not receive adequate notice of the trial date. The mother’s contention that she has a meritorious defense to the father’s custody claim is supported by her verified motion, in which she avers that she has no criminal record, that the minor child has lived with her since the child’s birth, that the father abandoned the child in April 2012 without offering any support for the child, that the father has a criminal record, and that the child is accustomed to living with her two older siblings. The mother also averred in her motion that the father would not be unfairly prejudiced by the delay. She further asserts under oath in the verified motion that the default was not a result of her culpable conduct, because, she contends, she had moved out of the house she had shared with the father in late May 2012, the notices from the juvenile court were mailed to that old address, and she did not receive notice of the November 8, 2012, trial date.
The mother’s motion to set aside the default judgment was denied by operation of law on November 28, 2012. The order entered by the juvenile court two days following the denial by operation of law, in which the court purportedly denied the mother’s motion, provides no indication that the juvenile court had considered the Kirtland factors. Because the mother met the initial burden by providing sufficient facts and arguments to apply the Kirtland factors and because the record does not indicate that the juvenile court considered the motion by applying a Kirtland analysis, we reverse the juvenile court’s denial by operation of law of the mother’s motion to set aside the default judgment and remand the cause with instructions to the juvenile court to hold an evidentiary hearing on the mother’s motion and to consider the Kirtland factors in determining whether to set aside the default judgment. We note, however, that “our mandate in this case ‘is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.’ ” Richardson v. Integrity Bible *1073 Church, Inc., 897 So.2d 345, 349 (Ala.Civ.App.2004), quoting White v. Westmoreland, 680 So.2d 348, 349 (Ala.Civ.App.1996).
This holding pretermits discussion of the mother’s other argument concerning the award of custody of the child to the father.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.