WISE, Justice.
The defendant below, Adam Dan Hilyer, appeals from the denial of his motion to set aside a default judgment entered against him and in favor of the plaintiff, Betti Fortier. We reverse and remand.

Facts and Procedural History

On the evening of July 29, 2013, Hilyer was backing a tractor-trailer rig used to transport logs into his private driveway on Kennedy Avenue. At the time, Hilyer was blocking both lanes of traffic on Kennedy Avenue. M.M., a minor, was driving For-tier’s van and was traveling westbound on Kennedy Avenue. B.D., M.M.’s brother; R.W., M.M.’s fiancé; and B.H., a friend of B.D.’s, were also in the vehicle with M.M. M.M.’s vehicle collided with Hilyer’s trailer, and M.M. sustained injuries.
On October 30, 2013, Fortier, individually and as the, mother and next friend of M.M., .sued Hilyer, asserting claims of negligence and wantonness. In her complaint, Fortier alleged that, at the time of the accident, it was dark and that Hilyer’s tractor-trailer was blocking both lanes of travel on Kennedy Avenue, which caused M.M.’s vehicle to collide with the trailer. Fortier alleged:
1. That Hilyer negligently and wantonly blocked both lanes of travel on Kennedy Avenue in the dark while attempting to back the tractor-trailer rig into his private driveway;
2. That Hilyer negligently and wantonly failed to give adequate warnings to motorists approaching on Kennedy Avenue that the tractor-trailer rig was blocking both lanes of travel on Kennedy Avenue;
3. That Hilyer negligently and wantonly failed to have adequate and/or proper lighting on the truck..and/or the trailer.
4. That Hilyer negligently and wantonly violated certain provisions of the Alabama Rules of the Road.
A summons and a copy of the complaint were served on Hilyer by certified mail on November 6, 2013. On January 27, 2014, Fortier filed -a motion for a default judgment against Hilyer and requested a hearing on damages.
On January 28, 2014, the trial court entered an order granting Fortier’s motion for a default judgment and stating: “Damages to be proven by affidavit and proposed judgment in 15 days.” Subsequently, Fortier submitted a “proposed judgment,” in which she requested that the trial court enter a judgment against Hilyer in the amount of $550,000 and “to find that the proposed settlement of the claim of the minor, M.M. is just, fair, reasonable, in keeping with the evidence, and is in the minor’s best interest.” In support of her request, Fortier attached an affidavit from her counsel regarding the injuries sustained by M.M. and the expenses that had been incurred as a result of those injuries.
On February 12, 2014, the trial court entered a judgment against Hilyer in the amount of $550,000 and found “that the proposed settlement of the claim of the minor, M.M. is just, fair, reasonable, in keeping with the evidence, and is in the minor’s best interest.”
On March 7, 2014, Hilyer filed a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P. In his motion, Hilyer addressed the requirements for setting aside a default judgment set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). He also attached to his motion his affidavit; *812 an affidavit from his neighbor, Wyman Earl Jackson, who witnessed the accident; an affidavit from Roberto Lozano, 'a claims manager for Alteris Insurance Services (“Alteris”), which was the third-party administrator for Hilyer’s commercial-insurance policy; letters Fortier’s counsel had sent to Lozano; an affidavit from Christo-pher Wyatt, an employee of Crawford & Company, which Alteris had hired to investigate the accident; copies of letters Wyatt had sent to Fortier’s counsel; and a copy of a letter Fortier’s counsel had sent to Wyatt after the default judgment had been entered. On that same date, Hilyer filed his answer to the complaint and affirmative defenses. The trial court.subsequently entered an order setting a hearing on Hilyer’s motion to set aside the default judgment.
On April 11, 2014, Fortier filed her opposition to Hilyer’s motion to set aside. In support of her opposition, Fortier attached her affidavit; affidavits from M.M., B.D., and R.W.; an affidavit from Marc McHen-ry, an investigator with Fortier’s counsel’s law firm; copies of correspondence from Fortier’s counsel; an affidavit from Fortier’s counsel; and an affidavit from Shannon Rattan, the secretary for Fortier’s counsel.
On April 16, 2014, the trial court entered an order stating that the hearing on the motion to set aside had been held and that the issue remained under advisement. ■The record does not include a transcript of the hearing.
On May 13, 2014, Hilyer filed a supplement to his motion to set aside the default judgment, in which he submitted an affidavit from Scott Kramer, a member of the Coosada Volunteer Fire Department (“the CVFD”), who was the on-scene supervisor for the accident. On Máy 21, 2014, Fortier filed a reply to Hilyer’s supplement to his motion to set aside the default judgment and a motion to strike Kramer’s 'affidavit. Hilyer’s motion to set aside- the default judgment was denied by operation of law on June 5,2014. Hilyer appealed.

Standard of Review

“Typically, this Court reviews a trial court’s decision granting or denying a motion to set aside a default judgment to determine whether the trial court, in so deciding, exceeded its discretion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988). However, this. Court has previously determined that the judgment that results from a trial court’s failure to rule on a motion subject to denial by operation of law under Rule 59.1 is not automatically entitled to the same deference that is afforded a judgment arrived at after due deliberation. Edgar v. State, 646 So.2d 683, 686-87 (Ala.1994); and Perdue v. Gates, 403 So.2d 165 (Ala.1981).... [B]ecause-the trial court took no valid action indicating that the decision to deny Jefféry’s motion was the product of due deliberation, we review Jeffery’s motion to set aside the default judgment de novo, applying the analysis mandated by Kirtland.
“‘Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the *813 defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.’
“Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998).”
Steele v. Federal Nat'l Mortg. Ass'n, 69 So.3d 89, 91 (Ala.2010).

Discussion

Hilyer argues that' the trial court erred when it allowed his motion to set aside the default judgment to be denied by operatibn of law.
“Pursuant to Rule 55(c), Ala. R. Civ. P., ‘[t]he court may ... set aside a judgment by défault on the motion of a party filed not later than thirty (30) days after the entry of the judgment.’ ... In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), our supreme court established an analysis for trial judges to follow when exercising the discretionary authority conferred under Rule 55(c). As this court recently summarized in Brantley v. Glover, 84 So.3d 77 (Ala.Civ.App.2011):
‘““A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604, That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the' two-step process established in Kirt-land.
“ ‘ “We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 ■So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment, Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’ 524 So.2d at 605.”
“‘Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala.2006).
“‘As we stated in Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App.2004):
“Because of ,the importance of the interest of preserving a party’s right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirt-land factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded •for the trial court to address the Kirtland'factors.”
“ ‘897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a *814 motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008) (“Because Carroll has failed to satisfy his initial burden under the Kirtland analysis [of providing allegations and evidence relating to all three Kirtland factors], we will not hold the trial court in error for allowing Carroll’s motion to set aside the default judgment to be denied by operation of law without having applied the Kirtland analysis.”). See also Maiden v. Federal Nat’l Mortg. Ass’n, 69 So.3d 860, 867 n. 3 (Ala.Civ.App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the Kirtland factors in his or her motion).’
“84 So.3d at 80-81 (footnote omitted). As such, the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors.”
D.B. v. D.G., 141 So.3d 1066, 1070-71 (Ala. Civ.App.2013). Accordingly, we must first determine whether Hilyer satisfied his initial burden under Kirtland. See Carroll v. Williams, 6 So.3d 463 (Ala.2008); D.B., supra.
A. Meritorious Defense
“The first Kirtland factor is whether the defaulting party presented a meritorious defense. To present a meritorious defense, for Rule 55(c) purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense. Kirtland, 524 So.2d at 605.
“ ‘The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
“ ‘The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a “plausible defense.” ’
“Kirtland, 524 So.2d at 606.”
Sampson v. Cansler, 726 So.2d 632, 634 (Ala.1998).
“In Kirtland, we noted that a trial court should begin its analysis of whether it should exercise discretionary authority under Rule 55(c) with the presumption that a case ‘should be decided on the merits whenever practicable.’ 524 So.2d at 604. The presumption is undercut, however, if the answer to the first of three inquiries a court must make — whether the defendant has a meritorious defense — is negative. The existence of a meritorious defense is a ‘threshold prerequisite,’ Kirtland, 524 So.2d at 605, because without a meritorious defense, a finding that the plaintiff would not be prejudiced and a finding *815 that the defendant was not culpable would matter little. A meritorious defense need not be a perfect defense, nor one that would necessarily prevail at trial. Rather, a meritorious defense is merely a ‘plausible’ defense. Kirtland, 524 So.2d at 605. That is, a meritorious defense must simply ‘induce the trial court reasonably to infer that allowing the defense to be litigated could foresee-ably alter the outcome of the case.’ 524 So.2d at 606 (emphasis added).
“We have specifically stated that a defendant can successfully present a meritorious defense either by setting forth allegations that, if proven at trial, would constitute a complete defense or by submitting evidence that'would at least create a jury question. Kirtland, 524 So.2d at 606. The defendant’s allegations ‘must be more than mere bare legal conclusions without factual support’; they must set forth ‘relevant legal grounds substantiated by a credible factual basis.’ 524 So.2d at 606.”
Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 808 (Ala.2004).
In the complaint, Fortier asserted negligence and wantonness claims against Hilyer. In his motion to set aside the default judgment, Hilyer argued that he had a complete defense to the claims against him. Specifically, he argued that M.M. was contributorily negligent and that there was evidence to establish that Hilyer had not acted negligently and/or wantonly. In support of his motion to set aside, Hi-lyer submitted his affidavit and the affidavit of Wyman Earl Jackson, a neighbor of Hilyer’s who witnessed the accident. The affidavits included facts that controvert some of the allegations included in the complaint. Specifically, Hilyer and Jackson stated that, when Hilyer was backing his trailer into his driveway, the headlights of the tractor-trailer were on and its hazard lights were flashing and that Hilyer flashed the headlights and honked the horn when he saw M.M.’s vehicle. Hilyer also stated that there was reflective tape running along the length of the side of the trailer and that, at the time of the accident, the tractor-trailer was positioned so that there was a street light located behind it. Additionally, as to Hilyer’s argument that M.M. was contributorily negligent, both Hilyer and Jackson stated that it appeared that M.M. was driving in excess of the speed limit of 35 miles per hour at the time of the accident. Both Jackson and Hilyer stated that M.M. never slowed down before she ran into the tractor-trailer. Additionally, Hilyer asserted that M.M. should have seen the tractor-trailer.
Hilyer' also argued that the facts included in the affidavits supported his argument that he had not acted wantonly. Specifically, he presented evidence regarding the number of times he had backed his tractor-trailer into the driveway at his house; the manner in which he backed the tractor-trailer in; the fact that the stretch of road in front of his house was not very busy and that he seldom saw other vehicles while he was backing his tractor-trailer into his driveway; and the fact that, on the few occasions other vehicles had approached the area after he had started backing up, those vehicles had stopped and waited for him to finish backing his tractor-trailer into the driveway.
Hilyer supplemented his motion to set aside with an affidavit from Scott Kramer, a member of the CVFD who responded to the accident. Kramer’s affidavit offered further support for Hilyer’s contributory-negligence defense to the negligence claim. Additionally, it offered further support for Hilyer’s assertion that his actions while backing the tractor-trailer into his driveway did not amount to wantonness.[1] Spe *816 cifically, Kramer stated that he drove the fire engine from the station to the scene of the accident;- that he was traveling north on Kennedy Avenue and approached the accident scene from the south; that, in the area just south of the • accident, Kennedy Avenue curves from west‘to north; that, when he entered the curve, he could see across his right to the area where the curve ended; that he could see the lights of Hilyer’s tractor-trailer and the lights of a police vehicle that was at the accident scene; that he could clearly , see the running lights and headlights of the tractor-trailer; that the hazard lights on the tractor-trailer were flashing; and that the tractor-trailer and the police vehicle were approximately one-quarter of a mile away when he first saw .them. He further stated that, when he arrived at the scene, M.M.’s vehicle was on fire; that the tractor-trailer was parked in the road and its running lights were on; that he looked at the running lights to maneuver the fire engine between the police vehicle and the tractor-trailer; that he did not- see anything that night to explain why M.M. would not have seen the tractor-trailer; and that anyone traveling the 35 mph speed limit would have had ample time to avoid an accident. Finally, Kramer stated that he lived in Coosada; that he was familiar with traffic on Kennedy Avenue; that Kennedy Avenue was not a heavily traveled road; that he had previously seen Hilyer backing his tractor-trailer into his driveway; and that it never took Hilyer very long to get his tractor-trailer out of the road.
In this case, Hilyer asserted defenses and presented legal arguments and evidence to support those defenses. Additionally, the defenses asserted in Hilyer’s motion to set aside were not clearly frivolous or no defense at all. In her opposition to the motion to set aide, Fortier argued that Hilyer had not established a complete defense because contributory negligence is not a defense to wantonness. However, Hilyer did not merely argue that M.M. was contributorily negligent. Rather, he also argued that there was evidence indicating that Hilyer had not acted wantonly. Fortier also submitted arguments, affidavits, correspondence, and a photograph disputing the facts and evidence submitted by Hilyer. However, that, evidence did not establish that Hilyer did not have a meritorious, defense. At most, it raised factual disputes that would be properly submitted to a jury.
In this case, the trial court conducted a hearing on Hilyer’s motion to set aside, but the record on appeal does not include a transcript of that hearing. Thus, we cannot determine whether the parties presented any arguments to the trial court other than those presented in the pleadings. In its order entered after the hearing/the trial court stated that the motion to set side would remain under advisement; However, it subsequently allowed the motion to be denied by operation of law. Thus, there is no indication that the trial court denied the'motion to set aside after due deliberation. Also, there is no indication' as to whether the trial court actually considered this first Kirtland factor and/or made a determination as to *817 whether Hilyer had satisfied his burden of establishing that he had a meritorious defense.
B. Absence of Substantial Prejudice to the Plaintiff
With regard to the absence-of-substantial-prejudice factor of Kirtland, this Court has stated:
“The second factor that a trial court must consider in ruling on a motion to set aside a default judgment is whether the plaintiff will be unfairly prejudiced if it grants the motion. Kirtland, 524 So.2d at 606-07. This prejudice cannot take the form of mere delay or increased costs, because those can be remedied by ■imposing additional costs on the defendant if the' plaintiff later prevails. 524 So.2d at 607. Rather, the prejudice must be substantial, facilitating fraud or collusion,. resulting in the loss of evidence, or hindering discovery. 524 So.2d at 607.
“Although common sense dictates that a plaintiff is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be, we have placed upon the defendant the initial burden of demonstrating that the plaintiff will not be substantially prejudiced. As we have stated:
“ ‘We hold that when a party files a motion to set aside a defáult judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside.’
“Phillips v. Randolph, 828 So.2d 269, 278 (Ala.2002). Additionally, a defendant cannot simply state that the plaintiff will not be prejudiced if the motion to set aside the default’ judgment is granted. Phillips, 828 So.2d at 275.”
903 So.2d at 811.
In this case, Hilyer did moré than' simply state that Fortier would not be prejudiced if the motion to set aside was granted. In his motion to set aside, Hilyer asserted that Fortier would not be prejudiced by setting aside the default judgment because:
“This accident occurred less than eight months ago. Hilyer and Jackson are both Coosada residents and are available for deposition. All of the vehicles involved in the accident are still available for inspection, Hilyer still drives the tractor, and his father owns the trailer. M.M.’s medical care is documented in her hospital records. It is believed the minivan is currently being held at Coo-sada Towing. But, even if this is not the case, [Fortier’s] counsel had an investigator investigating this, accident fairly so.on, after it occurred, and he likely was able to photograph and inspect the minivan. ... While [Fortier’s] counsel has been inconvenienced by the delay in answering the complaint, she has not expended any significant time or expense , in obtaining the default, judgment. M.M. has not been required to attend any hearings or proceedings in obtaining the default judgment.” .
In her opposition to the motion to set aside, Fortier argued that setting aside the default judgment would, in fact, result in substantial prejudice to her, and she submitted affidavits to support that assertion. Specifically, she argued:
“Four days after the accident, on August 2, 2013, [Fortier’s] Investigator, Marc McHenry, spoke with Mr. Hilyer’s wife, and asked her to have Mr. Hilyer contact him so that they could coordi *818 nate an inspection of the truck and trailer. (Ex. F, Marc McHenry Affidavit). [Fortier] also sent a preservation letter to Defendant Hilyer’s address on August 6, 2013 — just one week after the accident — asking him to not ‘make any repairs, remove any parts, make any modifications or changes, or destroy this log truck or trailer which is material and/or is supportive evidence.’ (Ex. G, August 6, 2013 Letter to Hilyer). [Fortier] also sent this preservation letter to Pierce Towing, where the trailer was stored,[2] and to Defendant Hilyer’s insurance company on August 6, 2013. (Ex. H, August 6, 2013 Letter to Pierce Towing; Ex. I, August 6, 2013 Letter to Sparta Insurance). [Fortier] then began trying to set up a time to inspect the truck and trailer. [Fortier] contacted [Hilyer], his insurance company, and the investigator/adjuster hired by his insurance company regarding inspection of the truck and trailer multiple times between August 2 and September 30, 2013. (Ex. F, Marc McHenry Affidavit). All attempts to inspect the truck and trailer were rebuffed. (Id.)
“Mr. Brian Wyatt is the investigator/adjustor for Defendant Hilyer’s insurance company. Mr. Wyatt informed [Fortier] on September 18, 2013 that Defendant Hilyer did not preserve his truck and trailer as asked by preservation letter. (Ex. F, Marc McHenry Affidavit). Instead, Defendant Hilyer took it upon himself to repair his truck and trailer and resume operation days after the accident. (Id.) Defendant Hilyer made changes to his truck despite knowledge that [Fortier’s] attorneys needed to inspect the truck and trailer. (Id.)”
Fortier’s argument in this regard and the affidavits she submitted in support of her opposition do not establish that the delay caused by setting aside the default judgment will result in the loss or destruction of evidence. At best, the evidence before this Court establishes that any loss of evidence occurred two days after the accident and well before any action had been filed in this case. Additionally, in his affidavit, McHenry stated that he had been told that Hilyer’s tractor-trailer had been repaired two days after the accident and had been in use since that date. Thus, it appears that the repairs to the tractor-trailer were made before the first time McHenry had talked to Hilyer’s wife and before Fortier’s counsel had sent the preservation letter to Hilyer. Additionally, McHenry stated that Wyatt had told him that he had already inspected and photographed the tractor-trailer rig. Although Fortier’s investigator had not yet received any responses to requests for copies of the photographs, Fortier has not made any assertions to show that she would not be able to obtain such photographs during discovery.
As noted earlier, the trial court conducted a hearing on the motion to set aside, and the record on appeal does not include a transcript of that hearing. Thus, we cannot determine whether any evidence or arguments other than those presented in the pleadings were presented to the trial court regarding this factor. Because the trial court allowed the motion to set aside the default judgment to be denied by operation of law, there is not any indication that the trial court actually considered this Kirtland factor and/or made a determination as to whether granting the motion *819 would result in substantial prejudice to Fortier.
C. Lack of Culpable Conduct on the Part of the Defaulting Party
With regard to the final Kirtland factor, this Court has stated:
“To warrant a refusal to set aside a default judgment, the defaulting party’s actions that resulted in the entry of the default judgment must constitute willful conduct or conduct committed in bad faith. Negligence alone is not sufficient. Bad faith or willfulness is' identified by ‘incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.’ Kirtland, 524 So.2d at 608 (citing Agio Indus., Inc. v. Delta Oil Co., 485 So.2d 340, 342 (Ala.Civ.App.1986)).”
Zeller v. Bailey, 950 So.2d 1149, 1154 (Ala. 2006). In Sanders v. Weaver, 583 So.2d 1326, 1328-29 (Ala.1991), this Court addressed the laek-of-culpable-conduct prong as follows:
“Negligence by itself is insufficient for refusing to grant a Rule 55(c) motion. A reasonable explanation for inaction and-noncompliance may preclude a finding of culpability and cause this Court to reverse a trial court’s refusal to set aside a default judgment, if the other two factors are satisfied. See Ex parte Illinois Central Gulf R.R., 514 So.2d 1283, 1288 (Ala.1987); Kirtland, 524 So.2d at 608.
“Sanders and the law firm forwarded the summons and the complaint to their insurance carrier the day they received them. In keeping with Murphy’s Law, the claims adjuster (who had been handling the problems for Sanders and the law firm that had resulted from acts and omissions of Sander’s legal secretary that had occurred because of what Sanders and the law firm describe as the' secretary’s obsessive, compulsive per-sonality) was away from the office for several weeks, and the summons and the complaint in the Weaver suit were placed on his desk. The claims adjuster was in the process of obtaining a divorce from his wife, who was being treated for depression; he was looking after his three minor children, one of whom was being treated .for emotional problems, one of whom was being treated for a learning disability, and one of whom, a five-year-old, was being treated for a severe asthmatic condition; and his department was being reorganized and his job duties were being changed. He did not find the summons and the complaint until after the default judgment had been entered. The default was attributable not to willful disregard of court rules, but to negligence. Reasonable explanations for defaults, such as attorney neglect (Ex parte Illinois Central Gulf R.R., supra) and liability insurance company neglect (Lee v. Martin, 533 So.2d 185 (Ala.1988)), attributable to innocent inadvertence, militate- in favor of a finding of an absence of culpability and provide a basis for setting aside a default judgment. Kirtland, 524 So.2d at 607-08.”
In. his affidavit submitted in support of his motion to set aside, Hilyer stated that, on the day after the accident, he notified his insurance agent of the accident. He also stated that it was his understanding that his insurance company was investigating the ..accident and that his insurance company would defend him if a.lawsuit was filed. In his motion, Hilyer also alleged that his insurance agent notified his insurance carrier, Sparta Insurance-(“Sparta”), about the accident; that Alteris.was the third-party adjuster for. Sparta; and that the claim was initially assigned to Roberto Lozano, a claims manager for Alteris. In his affidavit attached to the motion to set aside, Lozano asserted that, on August 2, 2013, he hired Crawford & Company to *820 investígate the accident; that, on August 8, 2013, he received a letter of representation from Fortier’s counsel; that he intended to assign the claim to another adjuster; and that, because he thought that he had assigned the claim to another adjuster, he did not continue to follow Hi-lyer’s claim. Lozano stated that, on October 21, 2013, Fortier’s counsel forwarded a copy of the complaint that had been filed; that, on January 2, 2014, Fortier’s counsel forwarded a letter inquiring as to whether Sparta would file an answer on Hilyer’s behalf; and that, on February 12, 2014, Fortier’s counsel notified Alteris that a default judgment had been entered against Hilyer. Lozano stated that, because he. thought he had assigned the claim to another adjuster, he did not read or respond to the correspondence from Fortier’s counsel. However, Lozano stated that, as soon as the default judgment was brought to his attention, he investigated the claim and realized that, in fact, it had not been assigned to another- adjuster and that he then retained counsel to defend Hilyer in the lawsuit. Finally, he stated that, “had [he] realized sooner a complaint had been filed, [he] would have immediately retained counsel to defend Hilyer.”
Further, in his affidavit attached to the motion to set aside, Wyatt stated that he had talked to Fortier’s counsel in September 2013 and had requested a letter of representation and all medical records relating to M.M.’s treatment after the accident; that, in October 2013, he talked to Fortier’s counsel again and asked if she would allow him to take a statement from M.M. about' the accident; that Fortier’s counsel told him that she would talk to her client and call him back; and that he did not' hear back from Fortier’s counsel. Wyatt stated that, throughout the end of 2013 and in> January 2014, he left voice mails for Fortier’s counsel. He also talked to Fortier’s counsel’s paralegal on December 30, 2013, and was told that Fortier’s counsel was off for the holidays. Wyatt stated that in January and February 2014 he also sent letters to Fortier’s counsel. However,. Fortier’s counsel did not respond to Wyatt until after the trial court had entered a default judgment against Hilyer.
Fortier again presented arguments and evidence to controvert the arguments and evidence submitted by Hilyer. As we noted previously, the trial court conducted a hearing on the motion to set aside, but the record on appeal does not include- a transcript of that hearing. Thus, we cannot determine whether any evidence or, arguments in addition to those presented in the pleadings were presented to the trial court regarding this factor. In Phillips v. Randolph, 828 So.2d 269, 279 (Ala.2002), this Court stated:
“In Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1988), the Court, discussing the culpability of the defaulting party, stated, ‘[W]e acknowledge that, due to a trial judge’s superior vantage point, the trial court is the more suitable arbiter for determining with accuracy the culpability of the defaulting party’s conduct, and, for this reason,’ we will show great deference toward the trial court’s decisions with respect to such culpability.’ ”
However, in this case, the trial court allowed the motion to set aside to be denied by operation of law. Therefore, there is no indication as to whether the trial court actually considered this Kirtland factor and/or made a determination as to whether Hilyer’s conduct was culpable. In light of the conflicting arguments and evidence presented by the parties, the trial court is iñ a better position than is this Court to determine the culpability of Hilyer’s conduct. ' ‘
Conclusion.
■ In this case, Hilyer, in his motion to set aside the default judgment, met the *821 threshold showing of each of the three Kirtland factors. Additionally, ■ Hilyer supported his motion with affidavits and copies of correspondence. Fortier submitted evidence in support of her opposition to the motion to set aside that controverted the facts and evidence submitted by Hilyer. However, after conducting a hearing and' taking the matter under advisement, the trial court allowed the motion to set aside to be denied by operation of law without any indication that the denial of the motion was the product of due deliberation and without any indication that the denial was based upon a consideration of the Kirtland factors. Therefore, we reverse the denial by operation of law of Hilyer’s motion to set aside the default judgment and remand this case for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment. As the Court of Civil Appeals noted in D.B.:
“ ‘[0]ur mandate in this case “is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.’” Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 349 (Ala.Civ.App. 2004), quoting White v. Westmoreland 680 So.2d 348, 349 (Ala.Civ.App.1996).”
141 So.3d at 1072-73.[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.-
MOORE, C.J., and STUART, PARKER, and SHAW, JJ., concur.

. Fortier filed a motion to strike Kramer’s affidavit in which she argued that the affidavit *816 was not timely filed pursuant to Rule 6(d), Ala. R. Civ. P. Even if the affidavit was not timely filed, however, Rule 6(d) affords a trial court discretion to accept an untimely affidavit. However, the trial court did not rule on that motion before it allowed Hilyer’s motion to set aside the default judgment to be denied by operation of law. See Weldon v. Cotney, 811 So.2d 530, 533 (Ala.2001). Because the trial court could have considered Kramer’s affidavit, we will consider Kramer’s affidavit in determining whether Hilyer satisfied his initial burden under Kirtland.

. In her opposition, Fortier refers to Pierce Towing as the facility where the trailer was stored following the accident. However, Exhibit H, a copy of the letter Fortier’s counsel sent to Pierce Towing, indicates that it was the vehicle M.M. was driving that was being stored at that facility.

. Based on our disposition of this case, we pretermit discussion of Hilyer’s remaining claims.