SELLERS, Justice.
Joshua Ward petitions this Court for a writ of mandamus directing the Shelby Circuit Court to vacate its October 7, 2017, order setting aside a default judgment entered against Johnathan Motors, LLC, and its principal Jacques C. Chahla (hereinafter referred to collectively as "the dealership") and to enter an order reinstating the default judgment. We grant the petition and issue the writ.
Facts
On April 14, 2017, Ward filed a 12-count complaint against the dealership and fictitiously named defendants alleging, among other things, that on August 5, 2016, he purchased a vehicle from the dealership; that he made a down payment on the vehicle; that he made the first monthly installment payment on the vehicle; that he maintained full insurance coverage on the vehicle; but that on September 10, 2016, the dealership unilaterally voided the sale of the vehicle and unlawfully repossessed and converted to its own use the vehicle, the down payment, the monthly installment payment, and the personal property in the vehicle when it was unlawfully repossessed. The dealership was served by certified mail on April 19, 2017; the sufficiency of that service of process has not been challenged.
On August 14, 2017, Ward requested the clerk of the circuit court to enter a default against the dealership pursuant to Rule 55(a), Ala. R. Civ. P., based on the dealership's failure to answer or otherwise to defend in the case; the clerk subsequently made an entry of default in the case. On September 9, 2017, the trial court entered a default judgment against the dealership pursuant to Rule 55(b)(2), Ala. R. Civ. P., and a hearing to determine the damages was set for November 21, 2017.
On October 3, 2017, the dealership moved the trial court to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P., asserting that, although an entry of default had been made, no final judgment had been entered in the case because damages had not yet been determined, that it had a good and meritorious defense to the allegations asserted in the complaint, and that Ward would not suffer unfair prejudice if the default judgment was set aside. The dealership requested in the motion to set aside the default judgment that it be allowed 14 days in which to respond to the complaint.
On October 7, 2017, the trial court entered an order granting the dealership's motion to set aside the default judgment, but requiring the dealership to file an answer within seven days from the date of that order; the dealership did not file an answer within seven days as ordered.
On November 1, 2017, Ward moved the trial court to reconsider its order setting *55 aside the default judgment, asserting that the dealership had not responded to the complaint as ordered and that the dealership had not met its initial burden of demonstrating the existence of the three factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988).
On November 12, 2017, the trial court denied Ward's motion to reconsider the order setting aside the default judgment. On November 13, 2017, the dealership filed an answer to the complaint. Ward thereafter petitioned this Court for a writ of mandamus directing the trial court to vacate its order setting aside the default judgment, to enter an order reinstating the default judgment against the dealership, and to schedule a hearing on damages.
Standard of Review and Applicable Law
"Because an order setting aside a default judgment is interlocutory and, therefore, not appealable, the proper remedy to review the trial court's action in entering that order is a petition for a writ of mandamus. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560 (1948). The standard for issuing a writ of mandamus is well settled:
" 'Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989) ; Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991).'
" Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994). And see Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala. 1994) ; and Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d 865 (Ala. 1993). The standard of review this Court applies when considering a petition asking for a writ of mandamus requiring a judge to vacate an order setting aside a default judgment is whether the judge, in setting aside the default judgment, [exceeded] his discretion. See DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala. 1990) ; Hallman v. Marion Corp., 411 So.2d 130 (Ala. 1982)."
Ex parte King, 776 So.2d 31, 33-34 (Ala. 2000). In Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala. 2006), this Court further stated that the trial court's discretion to set aside a default judgment,
"although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. [ Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,] 524 So.2d [600] at 604 [ (Ala. 1988) ]. These interests must be balanced under the two-step process established in Kirtland.
"We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny [or grant] a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: '1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result *56 of the defendant's own culpable conduct.' 524 So.2d at 605."
(Emphasis added.)
Discussion
Ward asserts in his petition that the trial court erred in granting the dealership's motion to set aside the default judgment because, he says, the dealership failed to present in its motion any facts, evidence, or authority illuminating its reliance on the three-factor analysis set forth in Kirtland, i.e., a meritorious defense on the part of dealership, the lack of unfair prejudice to Ward if the default judgment is set aside, and culpability of the part of the dealership in failing to respond to the complaint. We agree.
As indicated, the trial court has broad discretion under Rule 55(c), Ala. R. Civ. P., in deciding whether to deny or to grant a motion to set aside a default judgment. In exercising that discretion, the trial court must apply the three-factor analysis set forth in Kirtland. However, the law is well settled that " ' "in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors." ' " Hilyer v. Fortier, 176 So.3d 809, 813-14 (Ala. 2015) (quoting D.B. v. D.G., 141 So.3d 1066, 1071 (Ala. Civ. App. 2013), quoting in turn Brantley v. Glover, 84 So.3d 77, 81 (Ala. Civ. App. 2011) ).
In its motion to set aside the default judgment, the dealership averred that it had a good and meritorious defense to the allegations asserted in the complaint, but it failed to provide any evidentiary details to substantiate that assertion. It is well settled that bare legal conclusions unsupported by affidavit or other evidence do not suffice to demonstrate a meritorious defense under Kirtland. See Martin v. Robbins, 628 So.2d 614, 617-18 (Ala. 1993) (noting that "[a] defaulting party has satisfactorily made a showing of a meritorious defense if the allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the defaulting party or if sufficient evidence has been adduced either by affidavit or by some other means to warrant submitting the case to the jury"); see also Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 808 (Ala. 2004) (noting that "[t]he existence of a meritorious defense is a 'threshold prerequisite,' Kirtland, 524 So.2d at 605, because without a meritorious defense, a finding that the plaintiff would not be prejudiced and a finding that the defendant was not culpable would matter little"). Regarding the factor of prejudice, the dealership, without any supporting evidence, merely averred that Ward would suffer no undue prejudice by having the default judgment set aside. However, this Court has held that "when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside." Phillips v. Randolph, 828 So.2d 269, 278 (Ala. 2002). Here, the dealership offered no explanation as to why Ward would not be unfairly prejudiced if the default judgment were to be set aside. Finally, the dealership did not address in its motion the culpability factor; the dealership did not even allege that its failure to respond to the complaint initially or as ordered by the trial court was not the result of culpable conduct on its part. See Kirtland, 524 So.2d at 608 (noting that to constitute culpable conduct a defaulting party's actions must constitute willful conduct or conduct committed in bad faith and that "[w]illful *57 and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness"). As Ward's petition clearly indicates, the dealership did not file an answer to the complaint within seven days of the Court's October 7, 2017, order. Rather, the dealership waited to file its answer on November 13, 2017-almost one month after the date by which the trial court ordered the dealership to file its answer and more than 208 days after service of the summons and complaint, which service, as indicated, was unchallenged.
Based on the foregoing, we conclude that, because the dealership failed to meet its initial burden of demonstrating the existence of the three Kirtland factors, the trial court was without discretion to set aside the default judgment. Accordingly, the trial court erred in setting aside the default judgment.[1]
Conclusion
We issue the writ of mandamus and direct the trial court to vacate its order setting aside the default judgment. We further direct the trial court to reinstate the default judgment against the dealership and to set a hearing to determine damages.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.
Mendheim, J., concurs in the result.

In its response brief, the dealership cites TA Financial, Inc. v. Discover Bank, 967 So.2d 90 (Ala. 2007), for the proposition that the filing of an answer before a hearing on a default judgment cures the default. The dealership argues that, because it filed its answer before the scheduled hearing on damages, the default was cured. However, the dealership's argument is without merit because the dealership filed its answer after the default judgment was entered.