THOMPSON, Presiding Judge.
On May 24, 2017, Lawrence Jackson filed in the Madison Circuit Court ("the trial court") a complaint against Reliable Automotive Center ("Reliable") in which he sought damages on claims of fraud, fraudulent inducement, conversion, money had and received, and breach of contract. Jackson alleged that he had paid Reliable to repair his van, that Reliable had failed to do so for approximately one year, and that Reliable still had possession of the van. In his complaint, Jackson also sought an order requiring Reliable to return the van to him.
On July 5, 2017, Jackson moved the trial court for a default judgment. The trial court entered a default on July 5, 2017, and it scheduled a hearing on the issue of damages for July 31, 2017. The record indicates that Bobby Petty, an owner of Reliable, appeared at that hearing but that the trial court did not allow him to participate because, as a non-lawyer, he could not represent Reliable. On July 31, 2017, the trial court entered a default judgment against Reliable and awarded Jackson compensatory damages, punitive damages, and an attorney fee; the damages award totaled $35,552, plus costs.
On August 29, 2017, Reliable filed a motion to set aside the default judgment or, in the alternative, to alter, amend, or vacate the judgment. In support of that part of the motion filed pursuant to Rule 55(c), Ala. R. Civ. P., seeking to set aside the default judgment, Reliable attached the affidavits of Bobby Petty and Glenn Gothard, who identified themselves as "a mechanic with Reliable Automotive" and as an "independent contractor mechanic."[1] Reliable addressed each of the factors a trial court must consider in determining whether to set aside a default judgment as set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 603 (Ala. 1988). The affidavits it submitted in support of that motion presented evidence on each of the three Kirtland factors.
The trial court scheduled a hearing on Reliable's August 29, 2017, motion, but it later postponed that hearing on the motion of Jackson's attorney. The trial court did not rule on Reliable's motion, and that motion was deemed denied by operation of law on November 27, 2017, pursuant to Rule 59.1, Ala. R. Civ. P. Reliable timely appealed.
Reliable argues on appeal that the trial court erred in allowing its motion to set aside the default judgment to be denied by operation of law. Under Rule 55(c), Ala. R. Civ. P., a trial court may "set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." Generally, a trial court has discretion in determining whether to set aside a default judgment.
*290 Tucker v. Nixon, 215 So.3d 1102, 1104 (Ala. Civ. App. 2016) (citing Brantley v. Glover, 84 So.3d 77, 80-81 (Ala. Civ. App. 2011) ). In their briefs on appeal, both parties address whether Reliable's arguments in its Rule 55(c) motion pertaining to the three Kirtland factors, and the evidence it submitted in support of its motion, were sufficient to warrant setting aside the default judgment.
However, in this case, the trial court allowed Reliable's Rule 55(c) motion to be denied by operation of law, and it did not rule on the merits of that motion.
" 'Typically, this Court reviews a trial court's decision granting or denying a motion to set aside a default judgment to determine whether the trial court, in so deciding, exceeded its discretion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala. 1988). However, this Court has previously determined that the judgment that results from a trial court's failure to rule on a motion subject to denial by operation of law under Rule 59.1 is not automatically entitled to the same deference that is afforded a judgment arrived at after due deliberation. Edgar v. State, 646 So.2d 683, 686-87 (Ala. 1994) ; and Perdue v. Gates, 403 So.2d 165 (Ala. 1981).... [B]ecause the trial court took no valid action indicating that the decision to deny Jeffery's motion was the product of due deliberation, we review Jeffery's motion to set aside the default judgment de novo, applying the analysis mandated by Kirtland.
" ' "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider '1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605." ' "
Hilyer v. Fortier, 176 So.3d 809, 812-13 (Ala. 2015) (quoting Steele v. Federal Nat'l Mortg. Ass'n, 69 So.3d 89, 91 (Ala. 2010), quoting in turn Sampson v. Cansler, 726 So.2d 632, 633 (Ala. 1998) ).
As noted in Hilyer v. Fortier, supra, if a movant has argued and presented evidence on each of the three Kirtland factors, a denial by operation of law of a Rule 55(c) motion is generally reversible, because, in such a case, there is no indication that the trial court has properly considered the three Kirtland factors in allowing the motion to be denied. See also Brantley v. Glover, supra ; and D.B. v. D.G., 141 So.3d 1066, 1072 (Ala. Civ. App. 2013) ("Because the mother met the initial burden by providing sufficient facts and arguments to apply the Kirtland factors and because the record does not indicate that the juvenile court considered the motion by applying a Kirtland analysis, we reverse the juvenile court's denial by operation of law of the mother's motion to set aside the default judgment ....").
The record indicates that Jackson is a quadriplegic and that he took his van to Reliable for repairs. Jackson submitted into evidence a receipt showing that he paid Reliable $1,232.03 in September 2016, but, he stated, the work he paid for was not completed. Jackson stated that, at the time of the July 31, 2017, hearing, his van was still on the premises of Reliable. Jackson alleged in his complaint that he had repeatedly contacted Reliable concerning *291 the repairs but that Reliable had stopped responding to his inquiries.
In its Rule 55(c) motion, Reliable alleged and presented evidence in support of its contention that it had a meritorious defense, that is, that Gothard, who is an independent contractor, and not Reliable, agreed to perform the repairs on Jackson's van. Reliable argued that Jackson would not be prejudiced by setting aside the judgment and having the matter considered on the merits. Also, Reliable argued that its failure to timely respond did not constitute culpable conduct; it presented evidence indicating that its registered agent, upon whom the compliant was served, had not informed Reliable's owners of the complaint.
We conclude that Reliable's August 29, 2017, Rule 55(c) motion contained sufficient arguments and was supported by evidence sufficient to require the trial court's consideration of the three Kirtland factors. Von Alvensleben v. Dubuisson, 267 So. 3d 877, ---- (Ala. Civ. App. 2018) ; D.B. v. D.G., supra. Accordingly, the trial court's denial by operation of law of the Rule 55(c) motion was error, and we reverse the denial by operation of law of Reliable's motion to set aside the default judgment and remand the cause with instructions for the trial court to consider the Kirtland factors in determining whether to set aside its July 31, 2017, default judgment. Hilyer v. Fortier, 176 So.3d at 820-21; Von Alvensleben v. Dubuisson, supra ; D.B. v. D.G., 141 So.3d at 1072. In reaching its holding in Hilyer v. Fortier, supra, our supreme court quoted with approval the following language from D.B. v. D.G., 141 So.3d at 1072-73 :
" ' "[O]ur mandate in this case 'is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.' " Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 349 (Ala. Civ. App. 2004), quoting White v. Westmoreland, 680 So.2d 348, 349 (Ala. Civ. App. 1996).' "
176 So.3d at 821.
Given this court's reversal of the denial by operation of law of the motion to set aside the default judgment, we pretermit discussion of the other issues raised in Reliable's appellate brief.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

As an alternative to relief under Rule 55(c), Reliable sought to alter, amend, or vacate the damages awards in the default judgment.