Kathy Sue Chesser ("employee") appeals from a judgment based on a jury verdict for Mid-South Electrics, Inc. ("employer"), on her claim that she was terminated by Mid-South in violation of the "retaliatory termination" section of the Alabama Workers' Compensation Act, codified at Ala. Code 1975, §25-5-11.1.
In May 1991, Chesser sued Mid-South. In Count I, she claimed benefits under the Workers' Compensation Act for an alleged permanent partial disability, based on an on-the-job injury she claimed to have suffered while working for Mid-South. In Count II, she alleged that Mid-South had unlawfully terminated her employment in May 1990 in retaliation for her having filed the workers' compensation claim; she sought compensatory and punitive damages for retaliatory discharge under § 25-5-11.1.
Chesser demanded a jury trial of her retaliatory discharge claim. The trial court, on Mid-South's motion, severed that claim from the workers' compensation claim and, finding Chesser to have suffered a 40% permanent partial disability, it entered a workers' compensation judgment against Mid-South. Mid-South did not appeal from that judgment. The retaliatory discharge claim was tried separately before a jury, which returned a verdict for Mid-South. Chesser appeals. We affirm.
Chesser maintains that the trial court erred in refusing to give "Plaintiff's Requested Jury Charge No. 1," which, she says, accurately and clearly set out the elements of her cause of action and the parties' respective burdens of proof in this retaliatory termination action. According to Chesser, rather than give her "Requested Jury Charge No. 1," the trial court read to the jury § 25-5-11.1, which, she says, is misleading and does not, by its strict language, accurately reflect the law in retaliatory termination actions.
Section 25-5-11.1, provides, in part, as follows:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter. . . ."
This Court has written:
 "[A]n employee may establish a prima facie case of retaliatory discharge by proving that she was 'terminated' because she sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the plaintiff employee was terminated for a legitimate reason, whereupon the plaintiff [employee] must prove that the reason was not true but [was] a pretext for an otherwise impermissible termination."
Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988). *Page 242 
Chesser's "Requested Jury Charge No. 1" quotes fromSantex, Inc. v. Cunningham, 618 S.W.2d 557 (Tex.Civ.App. 1981), a case that was quoted in Twilley v. Daubert Coated Products,Inc., 536 So.2d 1364, 1368 (Ala. 1988). The Santex case involved the wrongful termination of an employee for filing a workers' compensation action; in Santex, the employer requested a special interrogatory or a charge instructing the jury that it would be liable only if the jury found that the employee was discharged "solely" for filing a workers' compensation claim. The Texas statute prohibited the "discharge [of,] or in any other manner [the discrimination] against any employee because the employee has in good faith filed a [workers' compensation] claim." 618 S.W.2d at 559; see 536 So.2d at 1368.
In Twilley, this Court distinguished Santex because of the difference in the wording of the Texas statute and wording of the Alabama statute. In Twilley, as in Chesser's case, it was for the jury to determine whether the employer discharged the employee "solely" because the employee had filed a workers' compensation claim.
While Chesser's "Requested Jury Charge No. 1" may be a correct statement of Texas law, which prohibits the discharge of, or discrimination against, an employee because the employee had filed a workers' compensation case in good faith, seeTwilley, supra, at 1368, it is not a proper charge under Alabama law, which prohibits an employer from terminating an employee "solely because the employee has instituted or maintained an action against the employer to recover worker's compensation benefits." See § 25-5-11.1.
As for Chesser's allegation that the trial court simply read § 25-5-11.1 to the jury, we find that argument without merit. Although there is nothing improper with the trial court's charging a jury by using the language of a statute, under the facts of this case it is sufficient to say, without quoting the trial court's charge, that the court did not merely read the statute to the jury. Rather, the trial court extensively discussed the statute and explained how it should be applied and discussed and explained the burdens on each party. In fact, certain portions of Chesser's "Requested Jury Charge No. 1" dealing with each party's burden in a retaliatory termination action were correct statements of the law; those portions were given in the trial court's charge. That charge, taken in its entirety, adequately stated the law. The trial court did not err in refusing to give Chesser's "Requested Jury Charge No. 1."
Chesser also maintains that the trial court erred in disallowing the testimony of two witnesses, who, she says, would "have testified that they were discharged by [Mid-South] for having filed a worker's compensation claim, [and thus] establish that Mid-South had engaged in a pattern or practice of retaliatory discharge of previously injured employees who exercised their right to seek worker's compensation benefits for on-the-job injuries."
Only adverse rulings by the trial court are reviewable on appeal. However, if the adverse ruling complained of does not appear in the record, the appeal from the alleged adverse ruling must be dismissed. See Lewis v. Providence Hospital,483 So.2d 398 (Ala. 1986).
Chesser maintains that she made an offer of proof in the trial court and she argues that the testimony of Kathy Sanders and Debra Lewis was admissible to prove a pattern or practice of retaliatory discharge by Mid-South and was relevant on the issue of the employer's alleged liability. The record on appeal does not include the alleged offer of proof and does not include a ruling on that alleged offer of proof. Chesser did include in the record on appeal a brief she had filed in the trial court in support of her claim for punitive damages; this brief related to the admissibility of pattern and practice evidence. She also included in the record on appeal her "Requested Jury Charge No. 2" (a proposed instruction that in arriving at an amount of punitive damages the jury might consider "pattern and practice evidence" of wrongful discharge in other cases). However, because the record on appeal does not show the alleged ruling of the trial court excluding the testimony of the two witnesses, there is nothing for our review. See e.g., *Page 243 Vaughn v. Griffith, 565 So.2d 75 (Ala. 1990), cert. denied,Vaughn v. Griffith, 498 U.S. 1097, 111 S.Ct. 987,112 L.Ed.2d 1072 (1991).
Even if the alleged ruling were properly before the Court and even if we determined that the trial court erred in disallowing the testimony of these witnesses, such a determination would not help Chesser. That testimony was offered only on the issue of damages and not on the issue of liability. Because the jury found for Mid-South on the liability issue and thus did not reach the issue of damages, the alleged ruling would not have prejudiced the substantial rights of Chesser. Rule 61, Ala.R.Civ.P. Therefore, the error would have been harmless.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.