THOMAS, Judge.
Kenneth Brantley appeals from the denial of his motion to set aside a default judgment entered in favor of Cathy Annette Glover by the Limestone Circuit Court. We affirm.
Glover purchased a used manufactured home from Brantley. The manufactured home, which Brantley had purchased in Tennessee and which was licensed in Tennessee, was located in Ardmore. In March 2006, in conjunction with the purchase, Glover signed an installment payment agreement (“the agreement”), agreeing to pay Brantley 16 monthly payments of $350 beginning on or before April 30, 2006, and ending on July 30, 2007. Glover was also required to make a final $250 payment by August 30, 2007. The agreement further provided that Glover would incur a $35 late fee for any payment that was 10 days past due and that if Glover defaulted on the agreement the entire remaining balance under the agreement would be immediately due. Glover and Brantley entered into the agreement in Alabama.
In April 2008, Glover filed a complaint in the trial court requesting an accounting and declaratory relief. In her complaint, Glover alleged that she had paid all the amounts due under the agreement; however, she alleged, Brantley was still demanding $2,131 in satisfaction of the agreement. Glover requested that the trial court review the agreement, her account statements, and other evidence and determine whether Glover owed any additional moneys to Brantley under the agreement.
Brantley, acting pro se, answered Glover’s complaint on May 1, 2008. In his answer, Brantley alleged that Glover had *79 made only IB of the required 16 $350 monthly payments and that 6 of those payments had been more than 10 days late, which resulted in the assessment of late fees. Brantley alleged that Glover still owed $906.02 in payments and $1,050 in late fees, pursuant to the terms of the agreement. Brantley attached to his answer a statement listing Glover’s payment history along with correspondence he had sent Glover regarding her alleged late and overdue payments.
On June 29, 2010, Glover amended her complaint, adding a claim under the Alabama Litigation Accountability Act, codified at § 12-19-270 et seq., Ala.Code 1975 (“the ALAA”), alleging that, based on the documentary evidence submitted by Brantley and the documents submitted by Glover, there was no ground on which Brantley could oppose the relief requested by Glover. Glover requested that the trial court award Glover an attorney fee.
The trial court set a hearing for September 28, 2010. On September 13, 2010, counsel for Glover mailed a letter to the trial court, in which he stated that he had a scheduling conflict between the hearing in this case and a hearing in another case; Brantley received a copy of this letter. The trial court held its hearing on September 28, 2010. Glover and her counsel were present at the hearing; Brantley was not present.
On October 6, 2010, the trial court entered a default judgment declaring that Glover had paid in full all amounts due under the agreement and that no unpaid balance remained and transferring title to the manufactured home to Glover. The trial court further awarded Glover $3,151.30 as an attorney fee, pursuant to her claim under the ALAA. The trial court stated that its judgment was based on the testimony and evidence submitted at the September 28, 2010, hearing.
On October 14, 2010, Brantley mailed a letter to the trial court, which was filed by the clerk on October 15, 2010, alleging that he had thought that he would be notified of a new hearing date because of the conflict cited in Glover’s counsel’s September 13, 2010, letter. Brantley also alleged that Glover had not provided him with payment receipts, for which he had obtained a subpoena on September 20, 2010. Brantley further alleged that he was surprised when he later received the default judgment stating that the hearing had occurred on the originally scheduled date. Brantley also requested a hearing before the trial court.
On January 11, 2011, through newly obtained counsel, Brantley filed an “Amendment to Rule 55 and 59 Letter Dated October 14, 2010.” In his amended motion, Brantley repeated his assertions raised in his October 14, 2010, letter and, in addition, asserted that he had previously argued to the trial court that Glover owed him money under the agreement, noting that Glover had acknowledged in her amended complaint that Brantley had claimed that Glover owed Brantley $2,131. Brantley also argued that the trial court lacked subject-matter jurisdiction because, Brantley said, he had purchased the manufactured home in Tennessee. Brantley further asserted that Glover had not proven that Brantley’s defense to the action was sufficiently frivolous to warrant an award under the ALAA and that Glover had not submitted evidence to support the amount of the attorney fee awarded. Brantley’s postjudgment motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Brantley subsequently appealed to this court.
On appeal, Brantley first argues that the trial court lacked subject-matter jurisdiction over the case. Brantley contends that the claims in Glover’s complaint are claims *80 arising under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and that those claims had to be brought in federal court. In support of his argument, Brantley cites only cases that state that the Truth in Lending Act can apply to the extension of credit in connection with the purchase of a manufactured home.
“ ‘The [Truth in Lending Act] has the broad purpose of promoting “the informed use of credit” by assuring “meaningful disclosure of credit terms” to consumers.’” Parrish v. Blazer Fin. Servs., Inc., 868 So.2d 406, 410 (Ala.2003) (quoting Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), quoting in turn 15 U.S.C. § 1601). Brantley has not explained how the Truth in Lending Act applies to this case, in which Glover alleged that she had paid Brantley all the amounts due under the agreement while Brantley alleged that she had not. Glover did not make any claims relating to the disclosure of terms in the agreement. Therefore, we see no basis for the application of the Truth in Lending Act to this case. Because this case does not involve claims under the Truth in Lending Act, Brantley’s subject-matter-jurisdiction argument has no merit.[1]
Brantley next argues that the trial court erred by failing to hold a hearing on his motion to set aside the default judgment and by subsequently allowing his motion to be denied by operation of law. Brantley contends that the trial court, by allowing his motion to be denied by operation of law, failed to apply the analysis required by Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988).
“A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland.
“We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: T) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s *81 own culpable conduct.’ 524 So.2d at 605.”
Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala.2006).
As we stated in Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App.2004):
“Because of the importance of the interest of preserving a party’s- right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland factors.”
897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008) (“Because Carroll has failed to satisfy his initial burden under the Kirtland analysis [of providing allegations and evidence relating to all three Kirtland factors], we will not hold the trial court in error for allowing Carroll’s motion to set aside the default judgment to be denied by operation of law without having applied the Kirtland analysis.”).[2] See also Maiden v. Federal Nat’l Mortg. Ass’n, 69 So.3d 860, 867 n. 3 (Ala.Civ.App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the Kirtland factors in his or her motion).
In this case, Brantley’s motion to set aside the default judgment, together with *82 Tris answer to Glover’s complaint, addressed whether he had a meritorious defense to Glover’s claim requesting a declaratory judgment and her ALAA claim. Brantley also addressed the culpable-conduct factor of the Kirtland analysis. However, Brantley provided no allegation or argument concerning the second factor in the Kirtland analysis — whether Glover would be unfairly prejudiced if the default judgment were set aside. Because Brant-ley did not allege that Glover would not be unfairly prejudiced by setting aside the default judgment, Brantley did not trigger the trial court’s duty to analyze the Kirt-land factors. Accordingly, we will not reverse the trial court’s decision to allow Brantley’s motion to be denied by operation of law without analyzing the Kirtland factors. See Carroll, 6 So.3d at 468; Rudolph v. Philyaw, 909 So.2d 200, 204 (Ala.Civ.App.2005).
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., concurs specially, with writing.
BRYAN, J., concurs in the result, with writing.

. Because we hold that the Truth in Lending Act has no application to this case, we express no opinion as to whether the trial court would have had subject-matter jurisdiction over the case if Glover had alleged a claim pursuant to the Truth in Lending Act. Additionally, because we hold that Glover’s claims were not brought pursuant to the Truth in Lending Act, we need not address Brantley’s argument that Glover’s alleged claim under the Truth in Lending Act was barred by the statute of limitations.

. Although Judge Bryan attempts to distinguish this case from Carroll, the Alabama Supreme Court stated in that case that, in order to trigger the trial court’s duty to analyze the Kirtland factors, "[t]he law is well settled in Alabama that the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors." 6 So.3d at 467 (emphasis added). Thus, our supreme court has clearly held that a movant must argue all three Kirtland factors in a motion to set aside a default judgment. Furthermore, this court is bound by the decisions of our supreme court. § 12-3-16, Ala.Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals....").
Moreover, Sumlin v. Sumlin, 931 So.2d 40 (Ala.Civ.App.2005), which is cited by Judge Bryan for the proposition that "a failure to demonstrate that one or both of the second [ — that the nonmoving party would not be unfairly prejudiced — ] and third [ — that the default judgment was not the result of the movant’s culpable conduct — ] Kirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief,” 931 So.2d at 48, is inapposite to the circumstances of this case. In Sumlin, the question before this court was whether the trial court had exceeded its discretion in applying the Kirtland factors to deny a motion to set aside a default judgment, not whether the trial court’s duty to perform the Kirtland analysis had been triggered. The section of the opinion quoted above was part of our discussion of whether a moving patty could prevail on a motion to set aside a default judgment if the equities were in favor of the nonmoving party with regard to the second and third factors, not whether a party could prevail on a motion to set aside a default judgment if the party had failed to provide any argument or allegations concerning those factors. Thus, Sumlin does not control the outcome or the analysis of this case. Even if Sumlin were applicable to this case, this court's decision in Sumlin cannot be used to overrule or modify our supreme court's decision in Carroll. See Walker v. Capstone Bldg. Corp., [Ms. 2081153, March 26, 2010] _ So.3d _, _ (Ala.Civ.App.2010) ("This court is bound by the decisions of our supreme court, and we are not at liberty to overrule those decisions or to choose not to follow them.”).