**Kevin GILBERT**

v.

**Brandy Nicole GILBERT.**

**2150106.**

Court of Civil Appeals of Alabama.

April 22, 2016.

Irene E. Blomenkamp of Blomenkamp Law Firm, Birmingham, for appellant.

Submitted on appellant's brief only.

PITTMAN, Judge.

Kevin Gilbert ("the father") appeals from the Walker Circuit Court's denial by operation of law of his motion to set aside a default judgment that had been entered in favor of Brandy Nicole Gilbert ("the mother"). Pursuant to the default judgment, the trial court transferred custody of the parties' minor child ("the child") from the father to the mother. We reverse the denial of the father's motion to set aside the default judgment and remand the cause for further proceedings.

The parties were divorced by a judgment entered by the trial court in August 2014, and, pursuant to that judgment, the father was awarded custody of the child. On March 30, 2015, the mother filed a petition requesting the trial court to award her custody of the child. The father did not timely file an answer to that petition, and, on May 19, 2015, the mother filed a motion for a default judgment. On May 29, 2015, the trial court entered a default judgment awarding sole custody of the child to the mother, awarding the father visitation rights, and directing the father to pay the mother $264 per month in child support.

On June 12, 2015, the father filed a motion to set aside the default judgment. In his motion, the father admitted that he had been served with the petition to modify on April 17, 2015, and that he was aware at that time that "a response to the [petition] would have to be filed at some point." He claimed, however, that, when he had received notice of the petition, he immediately began attempting to borrow money in order to hire an attorney but that he was unable to do so in time to file an answer. The father also asserted that he had not received a copy of the motion for a default judgment until after the default judgment had been entered. He asserted further in his motion, which was supported by his affidavit, that he had meritorious defenses to the mother's petition to modify custody, that the mother would not be prejudiced if the default judgment were set aside, and that the default judgment was not the result of the father's culpable conduct.

On September 10, 2015, the father's motion to set aside the default judgment was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The trial court later entered an order specifically acknowledging that the father's motion had been denied by operation of law. The father timely appealed.

In his appellant's brief to this court, the father points to caselaw indicating that a trial court's discretion in determining whether to set aside a default judgment should be exercised with liberality and with a bias toward allowing a party to have his or her day in court, especially in cases involving child custody. *See Bates v. Bates*, 194 So.3d 976, 978 (Ala.Civ.App. 2015). Accordingly, the father argues that the trial court erred in not setting aside the default judgment.

■■■ We conclude, however, that, because the father's motion to set aside the default judgment was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., it would be premature at this point for us to hold that the default judgment should have been set aside. Rather, we reverse the denial of the motion to set aside the default judgment and remand this cause for the trial court to consider the factors relevant to determining whether to grant a motion to set aside a default judgment. *See generally Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.*, 524 So.2d 600, 605 (Ala.1988) (indicating that a trial court, in determining whether to grant a request to set aside a default judgment, should consider "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct").

"As we stated in *Richardson v. Integrity Bible Church, Inc.*, 897 So.2d 345 (Ala.Civ.App.2004):

" 'Because of the importance of the interest of preserving a party's right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the

mandatory *Kirtland* factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the *Kirtland* factors.'

"897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the *Kirtland* factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the *Kirtland* factors. *See Carroll v. Williams,* 6 So.3d 463, 468 (Ala.2008) ('Because Carroll has failed to satisfy his initial burden under the *Kirtland* analysis [of providing allegations and evidence relating to all three *Kirtland* factors], we will not hold the trial court in error for allowing Carroll's motion to set aside the default judgment to be denied by operation of law without having applied the *Kirtland* analysis.'). *See also Maiden v. Federal Nat'l Mortg. Ass'n,* 69 So.3d 860, 867 n. 3 (Ala.Civ. App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the *Kirtland* factors in his or her motion)."

*Brantley v. Glover,* 84 So.3d 77, 81 (Ala. Civ.App.2011) (footnote omitted).

In his motion to set aside the default judgment, the father discussed, and attempted to apply, the *Kirtland* factors, and he provided evidence in the form of an affidavit that, he asserted, supported his arguments for setting aside the default judgment. Thus, we reverse the denial of the father's motion to set aside the default judgment, and we remand the cause for the trial court to consider the relevant factors.

REVERSED AND REMANDED.

THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.