THOMPSON, Presiding Judge.
On July 23, 2013, Dezzaccues Nixon (“the father”) filed a verified complaint in the Autauga Circuit Court (“the trial court”) in which he sought an award of custody of the two minor children born of his relationship with Amanda Tucker (“the mother”). The mother and the father were never married. The father also moved for an award of temporary custody of the children. It does not appear that the trial court specifically awarded either party pendente lite custody, but it entered an order specifying that neither party was allowed to remove the children from the State of Alabama pending further order of the trial court.
The mother filed an answer and a counterclaim’ in which she sought an award of custody of the children. In her counterclaim, the mother alleged, among other things, that she had not participated in any capacity in any litigation concerning custody of the children and that she had no information regarding any other pending custody action pertaining to the children. In his verified answer to the mother’s counterclaim, the father admitted the allegations contained in the paragraph of the counterclaim pertaining to the lack of knowledge of any other custody actions pertaining to the children. On September 12, 2013, in response to a motion filed by the father in which he alleged that the mother was denying him visitation, the trial court entered an order stating that “the parties shall maintain the custody and visitation arrangement that existed prior to the filing” of the father’s verified complaint initiating the action.
On March 27, 2015, the trial court entered an order scheduling a final hearing for June 18, 2015, and it later entered an order on June 15, 2015, granting a joint motion to reschedule and ordering that the final hearing be set for August 6, 2015. On June 23, 2015, the mother’s attorney moved to withdraw from the case, stating that recent communications with the mother indicated that the mother no longer wanted the attorney’s services. The trial court entered an order on June 30, 2015, granting the motion to withdraw and' ordering the mother to immediately seek representation because, the trial court explained, it would not delay the disposition of the action based on her failure to secure an attorney.
Only the father appeared for the scheduled final hearing on August 6, 2015, hearing. On that date, the trial court entered an order stating that it had received testimony from the father and ordering that a proposed final judgment be filed with the trial court. On August 14, 2015, the trial court entered a default judgment in which it awarded the father custody of the minor children and ordered the mother to pay monthly child support.
On August 22, 2015, the mother filed a motion seeking to set aside the August 14, 2015, judgment pursuant to Rule 55(c), Ala. R. Civ. P. In her August 22, 2015, motion, in addition to arguing that the trial court should set aside the default judgment based on the merits of her Rule 55(c) motion, the mother also argued that the trial court’s August 14, 2015, judgment was void for want of subject-matter jurisdiction.
“Insofar as [the mother’s August 22, 2015,] motion argued that the default judgment was void, we will construe it as a motion under Rule 60(b)(4), Ala. R. Civ. P.; insofar as it sought to have the default judgment set aside on other *1104 grounds, we will construe it as a motion under Rule 55(c).”
Hughes v. Cox, 601 So.2d 465, 467 n. 3 (Ala.1992).[1] As is explained later in this opinion, this court is unable to review the mother’s argument, asserted in her brief on appeal, that the August 14, 2015, judgment is void.
The trial court entered an order stating that the father was allowed to respond to the mother’s August 22, 2015, motion, but the father did not file a response. It does not appear that the trial court held a hearing on the mother’s August 22, 2015, motion. That part of the mother’s August 22, 2015, motion made pursuant to Rule 55(c) was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., on November 20, 2015.[2] That same day, the mother filed a timely notice of appeal to this court. See Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1204 (Ala.2009) (“[T]he time for filing a notice of appeal begins to run on the 90th day following the filing of a postjudgment motion, absent a ruling on the motion by the trial court or a valid extension of the 90-day period.”).
The mother argues on appeal that the trial court erred in denying, by operation of law, her motion to set aside the August 14, 2015, default judgment that awarded the father custody of the children. With regard to a Rule 55(c) motion to set aside a default judgment, this court has stated:
“ ‘A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland.
“ ‘We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: “1) whether the defendant has a meritorious defense; 2) whether the plain *1105 tiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” 524 So.2d at 605.’
“Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala.2006).
“As we stated in Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App.2004):
“ ‘Because of the importance of the interest of preserving a party’s right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland factors.’
“897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008) (‘Because Carroll has failed to satisfy his initial burden under the Kirtland analysis [of providing allegations and evidence relating to all three Kirt-land factors], we will not hold the trial court in error for allowing Carroll’s motion to set aside the default judgment to be denied by operation of law without having applied the Kirtland analysis.’). See also Maiden v. Federal Nat’l Mortg. Ass’n, 69 So.3d 860, 867 n. 3 (Ala.Civ.App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the Kirtland factors in his or her motion).”
Brantley v. Glover, 84 So.3d 77, 80-81 (Ala.Civ.App.2011) (emphasis added; footnote omitted)
In this case, the trial court allowed the mother’s Rule 55(c) motion to be denied by operation of law, and, therefore, there is no indication that the trial court properly considered the Kirtland factors. Gilbert v. Gilbert, 207 So.3d 741, 742 (Ala.Civ.App. 2016); D.B. v. D.G., 141 So.3d 1066, 1072 (Ala.Civ.App.2013). However, as is noted, above, in Brantley v. Glover, supra, before the trial court is required to consider the Kirtland factors, the party seeking to set aside the default judgment pursuant to Rule 55(c) must assert arguments and present evidence regarding each of those factors. 84 So.2d at 81.
In her August 22, 2015, motion, the mother set forth arguments pertaining to each of the Kirtland factors. However, the mother submitted no evidence in support of her Rule 55(c) motion, and that motion was neither sworn nor verified. In the August 22, 2015, motion, the mother’s attorney made some factual allegations in support of the arguments asserted in that motion. However, “[t]he unsworn statements, factual assertions, and arguments of counsel are not evidence.” Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005); see also Town of Westover v. Bynum, 68 So.3d 840, 843 (Ala.Civ.App.2011) (“The statement in Bynum and the Country Store’s trial brief is an unsworn statement made by counsel, which is not considered evidence.”); and LVNV Funding, LLC v. Boyles, 70 So.3d 1221, 1232 n. 2 (Ala.Civ.App.2009) (“[A]n unsworn statement made by one of the parties’ attorneys is not evidence.”).
In Gilbert v. Gilbert, supra, this court reversed a denial by operation of law of a *1106 Rule 55(c) motion, concluding that because the motion had been denied by operation of law, rather than ruled on by the trial court, it would be “premature” to rule on the merits of the denial of the motion. 207 So.3d at 742. Therefore, this court remanded the cause for the trial court to consider the merits of the Rule 55(c) motion filed in that case. In that case, however, unlike in this case, the party moving to set aside the default judgment had submitted evidence in support of the Rule 55(c) motion. Gilbert v. Gilbert, 207 So.3d at 742-43.
Similarly, in D.B. v. D.G., supra, this court reversed the denial by operation of law of a mother’s Rule 55(c) motion. In that case, this court held that there was no indication that the trial court had properly considered the Kirtland factors. This court noted that, in that case, “the mother’s verified motion triggered the court’s obligation to conduct a Kirtland analysis by alleging, under oath and with supporting facts and arguments,” facts pertaining to the Kirtland factors. 141 So.3d at 1072.
The mother in this case failed to present any evidence in support of any of her allegations pertaining to the Kirtland factors, and her August 22, 2015, motion was not verified. Therefore, unlike the movants in Gilbert v. Gilbert, supra, and D.B. v. D.G., supra, the mother in this case failed to meet her initial burden under Kirtland of presenting arguments and evidence pertaining to all three Kirtland factors; accordingly, the mother did not trigger the trial court’s obligation to conduct a Kirtland analysis. Brantley v. Glover, 84 So.3d at 81. We cannot conclude that the mother has demonstrated that the trial court erred in failing to grant that part of her August 22, 2015, motion in which she sought to set aside the default judgment pursuant to Rule 55(c).
As mentioned earlier in this opinion, in her August 22, 2015, motion, the mother also sought to have the August 14, 2015, default judgment declared void based on her argument that the trial court lacked subject-matter jurisdiction; such a request for relief is available under Rule 60(b)(4), Ala. R. Civ. P.[3] However, a motion made pursuant to Rule 60(b) is not subject to Rule 59.1, .and, therefore, it is not subject to being denied by operation of law pursuant to that rule. Ex parte R.S.C., 853 So.2d 228, 233 (Ala.Civ.App.2002) (“It is well settled that the 90-day period for pending postjudgment motions applies only to motions filed under Rules 50, 52, 55, and 59, and that it does not apply to Rule 60(b) motions to set aside a judgment.”). Accordingly, that part of the mother’s August 22, 2015, motion that sought relief pursuant to Rule 60(b)(4) remains pending before the trial court, and the mother’s appeal pertaining to that request for relief is premature. Ex parte R.S.C., 853 So.2d at 234. We must dismiss *1107 that part of the mother’s appeal pertaining to her arguments that the trial court lacked subject-matter jurisdiction over the parties’ claims. State v. Brantley Land, L.L.C., 976 So.2d 996, 1000-01 (Ala.2007).
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that, in her August 22, 2015, motion, the mother also cited Rule 59, Ala. R. Civ. P., as an alternate basis for relief, asking the trial court to "vacate” the August 14, 2015, judgment. To the extent that the mother purported to seek relief under Rule 59, we interpret the motion as one filed under Rule 55(c), because the substance of that request for relief is the type available under Rule 55(c). R.J.G. v. S.S.W., 42 So.3d 747, 753 (Ala.Civ.App.2009).

. Rule 59.1 provides, in pertinent part:
,, , No P°stjudgment motion filed pursuant t0 RuleH [] ... 55 ... shall remain pending in *e trial court for more than ninety (90) days.... A failure by the trial court to render an order disposing of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”

. In that part of her August 22, 2015, motion seeking to have the default judgment determined to be void, the mother alleged that, “on or about September 20, 2012, the Autauga County Child Support Court entered an order wherein [the father] was ordered to pay monthly child support to [the mother].” The mother argued that, because a child-support order contains an implicit paternity and child-custody determination, the trial court lacked subject-matter jurisdiction to enter any order modifying that purported child-support order. See A.S. v. C.M., 71 So.3d 662, 664 (Ala.Civ.App.2011) ("[A]n order requiring a man to pay child support is an implicit judicial determination of paternity.”); and Ex parte Washington, 176 So.3d 852, 853 (Ala. Civ.App.2015) ("[A]n award of support to one parent constitutes an implicit award of custody to that parent.”). The mother did not support those allegations with any evidence pertaining to the purported September 20, 2012, judgment, and she did not attempt to identify the purported earlier action by case number.