THOMPSON, Presiding Judge.
Shiela Von Alvensleben appeals from an order of the Baldwin Circuit Court ("the trial court") denying her motion to set aside a default judgment entered against her and in favor of Michael Von Cassiner Dubuisson. Both parties appeared pro se before the trial court.
The record indicates that on November 16, 2017, Dubuisson, who was incarcerated in the Baldwin County jail, filed a complaint alleging that he was entitled to $18,000 that, he said, his aunt, Von Alvensleben, had made from the sale of certain property ("the property") in Baldwin County. Von Alvensleben lives in California. Dubuisson claimed that the property belonged to Frances Marian Styron Dubuisson ("Frances"), and, he said, he was "a living Heir" and "a legal child" of Frances's. He claimed there was a "living will" pertaining to the property. Therefore, Dubuisson asserted, he had "a right to a fair amount from" the sale of the property.
In a subsequent filing in the trial court, Dubuisson said that he had been adopted by Frances. He also amended the amount of money he was seeking, asserting that he was entitled to $8,900 as his share of the proceeds from the sale of the property and that he was seeking an additional $2,000 because, he said, Von Alvensleben had sold the property without his signature and without notifying him.
According to the State Judicial Information System ("SJIS") case-action summary, Von Alvensleben was served with the summons and complaint on December 13, 2017. On January 11, 2018, Dubuisson filed a motion for default. On January 16, 2018, the trial court granted the motion for default and rendered a default judgment in favor of Dubuisson in the amount of $18,000, plus court costs. The default judgment was entered in SJIS on January 18, 2018.
On January 23, 2018, Von Alvensleben wrote a letter asking the trial court to set aside the default judgment. The trial court treated the letter, which was filed January 29, 2018, as a motion to set aside the *879 default judgment. In the letter, Von Alvensleben apologized to the trial court and explained that she had "misread" an order, believing that she was required to appear in court in May. She also explained that, since December, she had been caring for her brother and sister-in-law, both of whom were seriously ill.
Von Alvensleben contended that, in 2006, she visited Alabama and learned that Dubuisson had had Frances revoke the power of attorney she had given Von Alvensleben. Von Alvensleben also claimed that Dubuisson was forwarding Frances's Social Security checks to one of his friends because, she said, Dubuisson was returning to prison. Frances was suffering from Alzheimer's disease and Parkinson's disease, Von Alvensleben said, so Von Alvensleben had Frances placed in a secure nursing home in Foley. By that time, Von Alvensleben said, Dubuisson had "spent all [of Frances's] money," Frances's mobile home was apparently being repossessed, and, Von Alvensleben said, Dubuisson and others "took all her rent and paid no bills."
Von Alvensleben attached to her letter a warranty deed that appears to be dated May 31, 1990, in which Frances and her husband, Andrew, conveyed the property to Von Alvensleben. According to the deed, Frances and Andrew retained a life estate in the property. Dubuisson's name does not appear on the deed. Von Alvensleben also provided the trial court with a copy of letters of guardianship/conservatorship concerning Frances. The letters were dated August 2006.
On January 30, 2018, the trial court summarily entered an order that said, in its entirety: "Motion to Set Aside Default filed by Von Alvensleben ... is hereby DENIED." Von Alvensleben filed a timely notice of appeal to this court.
The dispositive issue on appeal is whether the trial court abused its discretion in failing to hold an evidentiary hearing on Von Alvensleben's motion to set aside the default judgment and in failing to apply the factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), to determine whether the default judgment was due to be set aside.
" Rule 55(c), Ala. R. Civ. P., provides, in pertinent part, that a trial court may 'set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.' The husband filed his motion to set aside two days after the trial court's entry of the default judgment; thus, the husband's motion to set aside was a timely filed Rule 55(c) motion.
" 'In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments--judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
" 'Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider "1) whether the defendant has a meritorious defense;
*880 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland, 524 So.2d at 605.'
" Sampson v. Cansler, 726 So.2d 632, 633 (Ala. 1998)."
Thibodeau v. Thibodeau, 10 So.3d 592, 595 (Ala. Civ. App. 2008).
In other words, a trial court's consideration of the Kirtland factors is not optional.
" 'As we stated in Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala. Civ. App. 2004) :
" ' "Because of the importance of the interest of preserving a party's right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c) [, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland factors."
" ' 897 So. 2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala. 2008) ("Because Carroll has failed to satisfy his initial burden under the Kirtland analysis [of providing allegations and evidence relating to all three Kirtland factors], we will not hold the trial court in error for allowing Carroll's motion to set aside the default judgment to be denied by operation of law without having applied the Kirtland analysis."). See also Maiden v. Federal Nat'l Mortg. Ass'n, 69 So.3d 860, 867 n. 3 (Ala. Civ. App. 2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the Kirtland factors in his or her motion).'
" Brantley v. Glover, 84 So.3d 77, 81 (Ala. Civ. App. 2011) (footnote omitted)."
Gilbert v. Gilbert, 207 So.3d 741, 742-43 (Ala. Civ. App. 2016).
In Gilbert, this court reversed a trial court's denial of a motion to set aside a default judgment, noting:
"In his motion to set aside the default judgment, the father discussed, and attempted to apply, the Kirtland factors, and he provided evidence in the form of an affidavit that, he asserted, supported his arguments for setting aside the default judgment. Thus, we reverse the denial of the father's motion to set aside the default judgment, and we remand the cause for the trial court to consider the relevant factors."
Id. at 743.
In this case, although Von Alvensleben did not mention the Kirtland factors by name, she attempted, as was the case in Gilbert, to demonstrate to the trial court through her motion and accompanying documents that she had a meritorious defense, that is, that Dubuisson did not have an interest in the property for which he is seeking a share of the sale proceeds.
This court notes that the trial court entered the default judgment against Von Alvensleben only 36 days after she was served with the summons and complaint in this case. Von Alvensleben also *881 pointed out to the trial court that, at the time Dubuisson filed the complaint, he was in jail and "on his way to prison again." She also alleged that Dubuisson had engaged in conduct detrimental to Frances, at least economically. Considering Von Alvensleben's assertions, coupled with the importance of the interest of preserving a party's right to a trial on the merits and the short time between the service of the summons and complaint and the entry of the default judgment, Von Alvensleben at least raised the probability that Dubuisson would not be prejudiced by setting aside the default judgment. " '[T]he prejudice warranting denial of a Rule 55(c) motion must be substantial.' " Phillips v. Randolph, 828 So.2d 269, 276 (Ala. 2002) (quoting Kirtland, 524 So.2d at 607 ). Furthermore, " '[m]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.' " Hambright v. Hambright, 935 So.2d 1185, 1188 (Ala. Civ. App. 2006) (quoting Ex parte Gilliam, 720 So.2d 902, 906 (Ala. 1998) ).
Finally, Von Alvensleben explained to the trial court that she misunderstood the need for filing an answer to the complaint, stating that she thought she had to be in court in May. In other words, Von Alvensleben asserted that the default judgment was not caused by culpable conduct on her part. Our supreme court has held that "[c]onduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient." Kirtland, 524 So.2d at 607. Willful or bad-faith conduct includes "incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness." Id. at 608. "However, a defaulting party's reasonable explanation for inaction and noncompliance may preclude a finding of culpability." Id. Von Alvensleben's failure to answer the complaint does not rise to the level of willful or bad-faith conduct warranting a default judgment.
In reviewing Von Alvensleben's motion to set aside the default judgment and her supporting documentation, we conclude that the motion contained sufficient information to trigger the mandatory Kirtland analysis.
In Gray v. Gray, 213 So.3d 593, 596 (Ala. Civ. App. 2016), this court reversed the denial of an entry of default when it did not appear from the record that a hearing was held on the motion to set aside the default and the trial court's order denying the motion to set aside did not state whether the trial court had considered the Kirtland factors. See also R.D.J. v. A.P.J., 142 So.3d 662, 667 (Ala. Civ. App. 2013). Accordingly, we reverse the trial court's order denying Von Alvensleben's motion to set aside the default judgment and remand the cause with instructions to the trial court to consider the Kirtland factors in determining whether to set aside the default judgment.
REVERSED AND REMANDED.
Thomas, Moore, and Donaldson, JJ., concur.
Pittman, J., concurs in the result, without writing.