Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0545

_____

### Keith Edward Myers

### v.

### Jerry M. Blevins

### Appeal from Elmore Circuit Court
### (CV-22-900191)

_____

### SC-2023-0638

_____

**Ex parte Jerry M. Blevins**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Jerry M. Blevins**

**v.**

**Keith Edward Myers)**

**(Elmore Circuit Court: CV-22-900191)**

SHAW, Justice.

These consolidated appellate proceedings apparently stem from a negative customer review posted online by Keith Edward Myers, the defendant below, regarding the quality of legal services rendered to Myers by Jerry M. Blevins, an Alabama attorney and the plaintiff below. In case no. SC-2023-0545 ("the direct appeal"), Myers purports to appeal from the trial court's default judgment entered against him. In case no. SC-2023-0638 ("the petition"), Blevins petitions for a writ of mandamus directing the trial court to vacate its order quashing writs of execution issued to Blevins and staying execution of the default judgment during the pendency of the direct appeal. For the reasons provided herein, we dismiss both the direct appeal and the petition.

<u>Facts and Procedural History</u>

Myers apparently posted to the Internet an unfavorable review regarding Blevins's representation of Myers in a prior legal matter. On September 4, 2022, Blevins, representing himself, sued Myers in the Elmore Circuit Court. Blevins's complaint sought both damages and injunctive relief premised on the following claims: defamation per se, invasion of privacy, wantonness, and negligence. At that same time, Blevins filed a motion requesting that the record in the case be sealed in an apparent attempt to keep the allegedly defamatory contents of Myers's review from further public disclosure; the trial court granted Blevins's request on September 6, 2022.

After several unsuccessful attempts at serving Myers with the complaint, Blevins filed a "status report" informing the trial court as to his belief that Myers was "avoiding service." In December 2022, the trial court granted Blevins's request to serve Myers by publication. Myers did not appear or answer.

Blevins subsequently filed a motion seeking the entry of a default judgment. On February 14, 2023, the trial court entered a default judgment in favor of Blevins that awarded Blevins $500,000 in compensatory damages and $1.5 million in punitive damages.

3

Additionally, the trial court awarded Blevins a permanent injunction mandating that Myers remove the posted review on which Blevins's claims were based and barring him from "any future negative comments about [Blevins] on the internet or elsewhere."

In March 2023, Blevins obtained a writ of garnishment on Myers's employment earnings. At or around that same time, Blevins also obtained a writ of execution seeking to "[s]eize any real or personal property belonging to … Myers" for sale and application to the judgment amount.

On the same date the writ of execution issued, March 28, 2023, counsel for Myers filed an initial appearance on his behalf in the trial court. Also on March 28 -- more than 30 days after entry of the default judgment on February 14 -- Myers filed separate motions seeking to unseal the record in the case and requesting that the default judgment be set aside. As grounds for relief from the judgment, Myers alleged that publication for purposes of service had not occurred in the county where he resides, that the case was not commenced in the county where he resides, and that he had not been effectively served.

At a May 3, 2023, hearing at which both Myers's counsel and Blevins were present, Myers indicated to the trial court that the sealed status of the record had prevented him from accessing prior pleadings and orders and moved "to delay [a] hearing on the Motion to Set Aside until such time as he has access." On that same date, the trial court entered an order changing the status of the case to maintain its confidentiality but to afford both parties access to the court's records.

On May 31, 2023, Myers filed an amended motion to set aside the default judgment against him on numerous grounds, including, among others, purported improper venue, purported ineffective service, and purported failure by Blevins to make a demand of retraction as provided in § 6-5-186, Ala. Code 1975. Attached to the amended motion was his answer to Blevins's complaint, which, in addition to a denial of Blevins's material allegations, included numerous affirmative defenses. Myers also filed motions seeking to stop execution of the writ of garnishment Blevins had obtained and to stop the sale of his property in response to the writ of execution, each of which Blevins opposed.

While Myers's motions remained pending, he filed in the trial court on June 12, 2023, a suggestion of bankruptcy, which indicated that

5

Blevins was identified as a creditor in a pending Chapter 13 bankruptcy case commenced by Myers. As a result, all proceedings in the trial court were stayed. In July 2023, however, Myers's bankruptcy case was dismissed. At or around that same time, Blevins refiled his writs of garnishment and execution. On July 28, 2023, Myers filed a notice of appeal.

On August 30, 2023, Myers filed in the trial court a renewed motion seeking to stop Blevins's execution on real property Myers owns in Cullman County. In response, the trial court granted Myers's request and stayed execution pending this Court's resolution of the direct appeal. Blevins filed a motion requesting that the trial court "reconsider" its stay of execution, in which he argued that Myers had not filed the supersedeas bond necessary to entitle him to "a stay of the judgment during the [direct] appeal." See Rule 8(a), Ala. R. App. P.

Blevins filed the petition with this Court on September 3, 2023, challenging the trial court's order quashing his writs of execution and staying execution pending our resolution of the direct appeal. We subsequently ordered answers and briefs. The direct appeal and the petition were later consolidated on motion of Blevins.

6

Discussion

A. The Direct Appeal (No. SC-2023-0545)

Myers purports to appeal from both the trial court's default judgment and its prior order sealing the record. Those orders were, respectively, entered on February 14, 2023, and September 6, 2022. Because Myers's notice of appeal was filed over five months after the entry of the default judgment, to the extent that he intends to appeal directly from that judgment, his appeal is untimely and due to be dismissed. See Branson v. Moore Grp., Inc., 439 So. 2d 116, 117-18 (Ala. 1983) ("Generally, a notice of appeal to be timely must be filed with the clerk of the trial court within forty-two days of the date of the entry of the judgment or order appealed from except in the case of certain specified orders and judgments. … [The] notice of appeal, being filed more than five months after the entry of the default judgment …, comes too late for review of the judgment."). See also Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").

Rule 55(c), Ala. R. Civ. P., provides that a trial "court may … set aside a judgment by default on the motion of a party filed not later than

7

thirty (30) days after the entry of the judgment."   Here, Myers's motion to set aside the default judgment was filed more than 30 days after the entry of that judgment by the trial court; thus, we presume, as Myers appears to suggest in his answer to the petition, that Myers intended to seek relief pursuant to Rule 60(b)(1), Ala. R. Civ. P.  See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So. 2d 600, 603 (Ala. 1988) ("'After 30 days has passed since the entry of the default judgment, Rule 60, [Ala. R. Civ. P.], becomes available to a party who has had a default judgment entered against him.'" (quoting Wiggins v. Tuscaloosa Warehouse Groceries, Inc., 396 So. 2d 91, 92 (Ala. 1981))).

Among other issues, we note that the record before us fails to indicate -- as both Myers and Blevins also concede -- that the trial court ever ruled on Myers's Rule 60(b) motion.   In such cases, we have explained:

> "'The question of whether an order or judgment is final and therefore can support an appeal is jurisdictional.' Cox v. Parrish, 292 So. 3d 312, 315 (Ala. 2019).  Generally, when an appeal is premature -- i.e., when it has been taken before a final, appealable order or judgment has been entered -- our appellate courts do not have jurisdiction to hear the appeal and the appeal is due to be dismissed.  See, e.g., Thompson v. State ex rel. Jett, 318 So. 3d 1226, 1231 (Ala. Civ. App. 2020) (holding that the appellate court lacked jurisdiction over the appeal because the appellant's Rule 60(b) motion was still

8

pending before the trial court and, thus, the appeal was premature and due to be dismissed).

"….

"Rule 59.1, Ala. R. Civ. P., provides:

"'No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown.'

"(Emphasis added.) The 90-day period provided in Rule 59.1 applies only to motions filed under Rules 50, 52, 55, and 59, Ala. R. Civ. P.; it does not apply to Rule 60(b) motions to set aside a judgment. See Ex parte R.S.C., 853 So. 2d 228, 233 (Ala. Civ. App. 2002) ('It is well settled that the 90-day period for pending postjudgment motions applies only to motions filed under Rules 50, 52, 55, and 59, and that it does not apply to Rule 60(b) motions to set aside a judgment.'). Because motions made pursuant to Rule 60(b) are not subject to Rule 59.1, they are 'not subject to being denied by operation of law pursuant to that rule.' Tucker v. Nixon, 215 So. 3d 1102, 1106 (Ala. Civ. App. 2016). …

"There is no indication in the record that the trial court ruled on the [plaintiffs' Rule 60(b)] motion, and neither side disputes that no formal ruling was ever made on the motion. In such cases, our appellate courts have held that the Rule 60(b) motion remains pending in the trial court. See Thompson, 318 So. 3d at 1231 (holding that the appellant's Rule 60(b) motion was still pending before the trial court and, thus, that the appeal was premature), and Tucker, 215 So. 3d at 1106-07 (holding that, because it was not subject to being

9

denied by operation of law under Rule 59.1, the appellant's Rule 60(b) motion was still pending before the trial court). As a result, in such circumstances, our appellate courts have further held that an appeal concerning a still-pending Rule 60(b) motion must be dismissed for lack of appellate jurisdiction. See Thompson, 318 So. 3d at 1231 (dismissing appeal after determining that jurisdiction was lacking because the appellant's Rule 60(b) motion was still pending in the trial court), and Tucker, 215 So. 3d at 1106-07 (dismissing, in part, an appeal insofar as it concerned the appellant's Rule 60(b) motion that was still pending in the trial court). Cf. Ex parte R.S.C., 853 So. 2d at 234 (holding that a petition for a writ of mandamus seeking to set aside a purported denial by operation of law of a Rule 60(b) motion was premature because the trial court had not yet ruled on the motion). Because the [plaintiffs'] Rule 60(b) motion remains pending before the trial court, this Court lacks jurisdiction over the [plaintiffs']' appeal insofar as it challenges the trial court's purported denial by operation of law of their Rule 60(b) motion, and, therefore, their appeal, insofar as it challenges that purported denial, is due to be dismissed."

Womble v. Moore, 370 So. 3d 817, 818-20 (Ala. 2022).

In the present case, it appears that the pendency of Myers's bankruptcy case halted proceedings in the trial court before that court had the opportunity to rule on Myers's Rule 60(b) motion seeking relief from the default judgment. Following the dismissal of Myers's bankruptcy case, Blevins resumed his efforts aimed at collecting the judgment amount, which resulted in Myers's initiating the direct appeal before the trial court ruled on the motion. Because Myers's Rule 60(b)

motion challenging the default judgment entered against him remains pending below, to the extent that the direct appeal challenges the trial court's failure to set aside the default judgment, the appeal is due to be dismissed.

Myers also appears to challenge the trial court's ruling "grant[ing] Blevin[s]'s Motion to Seal the Record," which, Myers contends, was allegedly made without satisfying established procedural requirements. As explained above, the trial court initially sealed the record on September 6, 2022, two days after Blevins filed his complaint. After the entry of the default judgment and Blevins's initial execution attempts, counsel for Myers filed his notice of appearance in the case on March 28, 2023. At that same time, Myers filed a motion requesting that the trial court unseal the record in the case, in which he exclusively argued, without any citation to authority, that because it was a "simple defamation/slander case … there appear[ed] to be no reason for the case to be sealed." That request was opposed by Blevins, and it was denied by the trial court on March 29, 2023. However, the trial court entered a subsequent order changing the status of the case to "confidential"; thus,

11

that order, in substance, changed the case's status from "sealed" as Myers had requested.

On appeal, Myers cites to authority recognizing a "presumption of a right of public access to judicial proceedings" and the corresponding necessity of specific findings that the party seeking to seal the record has demonstrated by clear and convincing evidence

"that the information contained in the document sought to be sealed:

"(1) constitutes a trade secret or other confidential commercial research or information; … or

"(2) is a matter of national security; … or

"(3) promotes scandal or defamation; or

"(4) pertains to wholly private family matters, such as divorce, child custody, or adoption; … or

"(5) poses a serious threat of harassment, exploitation, physical intrusion, or other particularized harm to the parties to the action; or

"(6) poses the potential for harm to third persons not parties to the litigation."

Holland v. Eads, 614 So. 2d 1012, 1015 and 1016 (Ala. 1993) (emphasis added).[1] Myers also suggests that, as a result of the trial court's decision to seal the record, his right to "knowledge of a case against him is being violated," and he references his initial inability to access or respond to Blevins's pleadings.

Assuming that Myers's claims are, in fact, preserved for our review, we first note, as to Myers's challenge based on the alleged violation of his ability to access the trial court's records, that the trial court's order changing the status of the case resolved any complaint in this regard. Myers obtained in the trial court the relief he sought -- the record in the case was unsealed, and he was able to access the trial court's records. It is unclear what additional remedy he seeks on appeal. See Chesser v. Mid-S. Elecs., Inc., 652 So. 2d 240, 242 (Ala. 1994) ("Only adverse rulings by the trial court are reviewable on appeal."), and Rule 45, Ala. R. App. P.

---

[1]To the extent that Myers suggests that, in sealing the record purportedly without complying with the requirements of Holland, supra, the trial court was deprived of jurisdiction, he includes no authority supporting that proposition, and we have found none.

Further, assuming that Myers may challenge the purported deprivation of public access to the record in his case, we conclude that he may not do so in this direct appeal. As explained, Myers's apparent attempt to directly appeal from the default judgment is untimely and any attempt to appeal the denial of his Rule 60(b) motion is premature, i.e., neither properly invokes this Court's jurisdiction. Further, although a challenge to a trial court's decision to seal a record has been reviewed by petition for a writ of mandamus, see Ex parte Gentry, 228 So. 3d 1016, 1021 (Ala. Civ. App. 2017), Myers's challenge again comes too late. See Rule 21(a)(3), Ala. R. App. P. ("The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal.").

For the reasons discussed above, the direct appeal is dismissed in its entirety.

B. The Petition (No. SC-2023-0638)

In the petition, Blevins seeks a writ of mandamus directing the trial court to vacate its order quashing the writs of execution that permitted Blevins to proceed with collecting on the default judgment against Myers. As the petition notes, the trial court's order quashing those writs at

Myers's request specifically provided: "As previously Ordered on June 14, 2023, all action in this matter is STAYED until there is a decision from the Appellate Court." (Capitalization in original.) In his "motion for reconsideration," Blevins opposed any stay of the execution of the judgment during the pendency of the direct appeal on the ground that Myers had not posted the required supersedeas bond. Based on the nature of the relief requested, we conclude that our resolution of the direct appeal renders the petition moot.

Here, Blevins seeks relief from the trial court's order quashing existing writs of execution and <u>staying further execution efforts by Blevins during the pendency of the direct appeal</u>. Our resolution of the direct appeal will necessarily allow proceedings before the trial court -- including Blevins's execution efforts in the absence of an unfavorable ruling on Myers's Rule 60(b) motion -- to resume. As a result of our decision, the trial court's stay, by its terms, will expire, thus granting Blevins the relief he seeks in the petition. <u>Cf.</u> <u>Alabama Disposal Sols.-Landfill, L.L.C. v. Town of Lowndesboro</u>, 837 So. 2d 292, 296 (Ala. Civ. App. 2002) ("The relief sought in these appeals … was relief from the trial court's order staying all … proceedings …. With the lifting of the stay,

15

there is no longer any need for the relief sought in these appeals."), and Carpenter v. State, 276 Ala. 695, 695, 166 So. 2d 423, 423 (1964) ("The petition for mandamus is thus rendered moot because the petitioner now has the relief for which he prayed and the petition for mandamus is due to be dismissed."). Accordingly, the petition is due to be dismissed.

## Conclusion

Based on the foregoing, both the direct appeal and the petition are dismissed.

SC-2023-0545 -- APPEAL DISMISSED.

SC-2023-0638 -- PETITION DISMISSED.

Parker, C.J., and Wise, Bryan, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

16